**The STATE of Texas**

v.

**Rosa Elena ARIZMENDI, Appellee**

**NO. PD-0623-16**

Court of Criminal Appeals of Texas.

Delivered: May 17, 2017

ATTORNEYS FOR APPELLANT: Darrell R. Carey, Law Office of Darrell R. Carey, 300 15th Street, Canyon, TX 79015.

ATTORNEYS FOR THE STATE: Stacey M. Soule, State Prosecuting Attorney, P.O. Box 13046, Austin, TX 78711.

Keller, P.J., delivered the opinion of the Court in which Keasler, Hervey, Yeary, Newell, and Keel, JJ., joined.

Appellee pled guilty pursuant to an agreement, but she moved for a new trial after her co-defendant prevailed on a motion to suppress. We conclude that appellee's allegations in the motion for new trial are without merit because her failure to discover the new information was due to her own lack of diligence. Even if appellee had been diligent, we also conclude that the ruling on the motion to suppress was not evidence and that the officer's testimony at the hearing was either cumulative of the video evidence appellee had already seen or collateral because it was not mate-rial to the suppression issue in the co-defendant's case. Finally, we conclude that appellee's ineffective assistance allegation was not properly before the trial court because it was not made within thirty days of the judgment and the State objected to it. Consequently, we conclude that the court of appeals erred in upholding the trial court's granting of a new trial.

## I. BACKGROUND

### A. Trial-Level Proceedings

Appellee and co-defendant Jose Luis Cortez were traveling in a van that was stopped for a traffic violation—driving illegally on the improved shoulder of a highway. As a result of the stop, appellee was ultimately charged with possession with intent to deliver methamphetamine in an amount of more than 400 grams. She entered into an agreement to plead guilty and receive a sentence of twenty-five years' confinement and a $5,000 fine. She received various admonishments, orally or in writing, and the trial court asked whether she understood them. The trial court also inquired into the voluntariness of her plea, her mental capacity, and whether she was a citizen of the United States. Appellee answered all inquiries in a manner consistent with her plea being voluntary. She also signed a judicial confession, and she signed a section titled, "WAIVER OF APPEAL, et al.," which stated, "The Defendant, in writing and in open Court, and joined by counsel for defendant, waives and gives up the time provided by law in which to file a Motion for New Trial, Motion for Arrest of Judgment, and Notice of Appeal." The trial court accepted the plea agreement and sentenced appellee accordingly. These plea proceedings occurred on April 28, 2015.

On May 4, 2015, a motion to suppress hearing was held in Cortez's case, and the

motion was granted.[1] In its findings of fact, the trial court noted that the only evidence before it was the arresting officer's testimony and the video of the stop. The trial court found that the video showed Cortez's vehicle's "right rear tire (or its shadow) . . . to come in the proximity of and possibly touch the inside portion or more of the white line delineating the roadway from the improved shoulder [the "fog line"] . . . but not to extend past the . . . outermost edge of the fog line."[2] In what is labeled a conclusion of law, the trial court found that Cortez's "vehicle did not cross outside the outermost edge of the fog line onto the improved shoulder of the roadway."[3] The trial court further concluded that "[c]rossing over the portion of the fog line nearest the center of the roadway or upon the fog line is not a violation of Texas traffic law."[4]

Appellee filed a motion for new trial. The motion alleged that "[t]he verdict in this cause is contrary to the law and the evidence," and it asked the trial court to grant a new trial in the interests of justice. The motion referred to what happened in Cortez's case—the motion to suppress hearing, the video, and the granting of the motion to suppress—and it alleged that the record and the video "clearly show that the vehicle was stopped without probable cause or other lawful reasons." The motion further contended that "[t]he video evidence does not support the officer's testimony, but rather, it supports that no violation of law was committed by the suspect vehicle." The motion also alleged that the arresting officer's testimony at Cortez's motion to suppress hearing was new evidence that was not available or known at the time appellee pled guilty. The allegedly new evidence in the officer's testimony was that the officer said, "I observed certain things that caught my attention," and that the things that caught his attention were that appellee's vehicle was a clean van. Appellee's attorney filed an affidavit mirroring these allegations.

The trial court held a hearing on the motion. Speaking as an officer of the court, appellee's attorney explained that she had reviewed the video before the plea and thought that the stop "was somewhat of a close call" but that a motion to suppress would not be successful. She also stated that she "got sidetracked with other issues" and never told her client that a motion to suppress was an option. She contended that her failure to do so was ineffective, and the State interjected, "I'm going to object to this line; that's not part of this Motion." The trial court allowed defense counsel to continue with her contention that she was ineffective. Defense counsel also tendered the transcript and findings of fact from the hearing on Cortez's motion to suppress.[5]

The State argued that appellee waived a right to a new trial in the plea papers. The State also argued that appellee had not presented any new evidence that was likely to result in a different ruling. The State pointed out that appellee had access to the video prior to the plea, that the only new evidence appellee was offering was the officer's statement about the vehicle being a clean van, and that the vehicle being a clean van was not the basis for the stop. The State further argued that the trial

---

**1.** *See also State v. Cortez,* 501 S.W.3d 606 (Tex. Crim. App. 2016).

**2.** *See also id.* at 607.

**3.** *See also id.*

**4.** *See also id.* at 607-08.

**5.** The State said it had no objection, and the trial court received them for the purposes of the motion.

court's ruling in Cortez's case was incorrect and that the stop was lawful. With respect to the ineffective assistance allegation, the State contended that it was not properly before the court because it was not part of the original motion for new trial and was not otherwise filed within thirty days after judgment.[6] Finally, the State argued that appellee was simply suffering from "buyers' remorse": thinking the plea bargain was a good deal at the time but later finding out that Cortez had obtained a different result.

With respect to whether appellee waived her right to a new trial, appellee's counsel stated, "I will agree ... that my client signed the waivers ... however, a client's waiver of motion for new trial, rights to appeal, all of the waivers that she executed at that time, must be knowing and voluntary ... And again, without having been advised, there can be no knowing waiver. And I ... confess that there couldn't have been knowing because of my failure." The State responded that this claim was also barred as untimely.[7]

The trial court granted appellee's motion for new trial "in the interest of justice," and the State appealed.

## B. Appeal

On appeal, the State complained that the trial court abused its discretion in granting the motion for new trial. In support of this contention, the State made four arguments. First, it contended that appellee waived the right to seek a new trial. Second, it contended that appellee failed to meet the legal requirements necessary to obtain relief on the basis of newly discovered evidence. Third, it contended that the ineffective assistance of counsel issue was not properly before the trial court at the time of the motion for new trial hearing. Finally, it contended that appellee failed to offer any evidence that would have allowed the trial court to grant a new trial.

The court of appeals first held that appellee's written waiver of a new trial did not bar the trial court from granting relief.[8] Relying upon *Willis v. State*,[9] the court of appeals found this to be so because, by setting a hearing on the motion for new trial, "the trial court implicitly granted [a]ppellee permission to file her motion for new trial notwithstanding her waiver." [10]

On the merits of the motion, the court of appeals held that appellee had presented new evidence to the trial court because (1) the video of the stop contained no audio,[11] and (2) the testimony at the suppression hearing was new because it did not exist at the time she pled guilty.[12] The

6. The hearing on the motion for new trial was held on June 9, 2015.

7. Because of our disposition, we need not decide whether the timeliness requirement for raising a claim in a motion for new trial would apply to an involuntariness allegation used solely for the purpose of overcoming a waiver of the right to a motion for new trial.

8. *State v. Arizmendi*, No. 07-15-00238-CR, 2016 WL 2986041 *2, 2016 Tex. App. LEXIS 5385 *5 (Tex. App.—Amarillo May 19, 2016) (not designated for publication).

9. 121 S.W.3d 400, 403 (Tex. Crim. App. 2003) (holding that trial court's permission to appeal controls over a defendant's previous waiver of the right to appeal in printed plea documents).

10. *Arizmendi*, 2016 WL 29860412016, *2, 2016 Tex. App. LEXIS 5385, *4-5.

11. No audio was recorded because the audio portion of the recording equipment had not been turned on.

12. *Id.* at *2-3, 2016 Tex. App. LEXIS 5385 at *6-7. The court of appeals stated that appellee had "introduced into evidence as an exhibit the entire transcription of the suppression hearing in her co-defendant's case." *Id.* at *3, 2016 Tex. App. LEXIS 5385 at *7.

court of appeals asserted that, "The chronology demonstrates that the failure to obtain the evidence was not due to a lack of diligence" and the arresting officer's "testimony was not cumulative, corroborative, collateral, or impeaching." [13] Because appellee's case was pending in the same court as her co-defendant's, the court of appeals concluded that the arresting officer's testimony probably would have resulted in a similar ruling if a motion to suppress had been filed in appellee's case. [14] Consequently, the court of appeals found that appellee satisfied the test for granting a new trial on the basis of newly discovered evidence. [15]

Finally, in light of its disposition of appellee's newly-discovered-evidence claim, the court of appeals declined to determine whether appellee's ineffective assistance claim was properly before the trial court. [16]

## II. ANALYSIS

The State contends that the court of appeals erred in affirming the trial court's order granting a new trial because appellee "affirmatively waived that right and failed to present a valid legal claim." [17] We will focus on the State's second contention

that appellee failed to present a valid legal claim. [18] The State argues that appellee failed to satisfy the requirements for granting a new trial on the basis of newly discovered evidence. The State also argues that appellee's ineffective assistance of counsel claim was untimely and was therefore not a proper basis for granting a new trial.

A trial court's decision to grant a new trial is reviewed only for abuse of discretion, but that discretion is not unbounded or unfettered. [19] A trial court may not grant a motion for new trial simply because it believes that the defendant has received a raw deal. [20] Granting a new trial for a "non-legal or legally invalid reason is an abuse of discretion." [21] There is generally no abuse of discretion in granting a new trial if the defendant (1) articulated a valid claim in the motion, (2) produced evidence or pointed to record evidence that substantiated his claim, and (3) showed prejudice under applicable harmless error standards. [22]

The legal claim articulated in appellee's motion for new trial was that she had obtained newly discovered evidence.

---

13. *Id.*

14. *Id.* at *3, 2016 Tex. App. LEXIS 5385 at *7-8.

15. *Id.* at *3, 2016 Tex. App. LEXIS 5385 at *8.

16. *Id.*

17. This quoted statement appears immediately under the "argument" heading in the State's petition for discretionary review. The State's ground for review is framed as follows: "Was [a]ppellee entitled to a new trial, as both lower courts held, when she waived the right to seek a new trial and presented no valid legal claim supported by new evidence not previously available or discoverable with due diligence."

18. As detailed above, defense counsel at the motion for new trial hearing claimed that the waiver of the right to file a motion for new trial was involuntary due to ineffective assistance of counsel. On discretionary review, appellee claims that a trial court has discretion to grant a motion for new trial despite any waiver. Due to our disposition, we need not address the waiver issue.

19. *State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013).

20. *Id.*

21. *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007).

22. *Zalman*, 400 S.W.3d at 593; *Herndon*, 215 S.W.3d at 909.

Article 40.001 of the Code of Criminal Procedure provides, "A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." [23] To obtain relief under this provision, the defendant must satisfy the following four-prong test:

(1) the newly discovered evidence was unknown or unavailable to the defendant at the time of trial;

(2) the defendant's failure to discover or obtain the new evidence was not due to the defendant's lack of due diligence;

(3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and

(4) the new evidence is probably true and will probably bring about a different result in a new trial.[24]

Although appellee's motion for new trial discussed the video of the stop, her attorney stated at the hearing on the motion for new trial that she had reviewed the video before appellee's plea. The video was, therefore, not newly-discovered. Appellee claimed that three things were newly-discovered: (1) the trial court's ruling on the co-defendant's motion to suppress, (2) the testimony of the arresting officer at the co-defendant's suppression hearing, and (3) more specifically, the arresting officer's statement about appellee's vehicle being a clean van.

█ We first note that the trial court's ruling on the motion to suppress is not "evidence" in the context of appellee's newly-discovered-evidence claim.[25] It is a legal determination, not a fact relevant to the validity of the arresting officer's conduct. To be sure, the trial court's ruling involved its assessment of the evidence before it, but the ruling itself is not evidence with respect to the suppression issue.

█ And even if the suppression ruling were deemed to be evidence, appellee's failure to "discover" this ruling would be a result of her lack of diligence. "[E]very defendant who enters a guilty plea does so with a proverbial roll of the dice." [26] A guilty plea does not violate due process even when the defendant miscalculates the admissibility of important evidence.[27] If appellee wanted to know whether a motion to suppress would be successful, she could have filed and litigated one.[28]

---

23. TEX. CODE CRIM. PROC. art. 40.001.

24. *Carsner v. State*, 444 S.W.3d 1, 2-3 (Tex. Crim. App. 2014). *See also Keeter v. State*, 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002) (interpreting Article 40.001 "in conformity with our prior caselaw and continu[ing] to adhere to the four-part test.").

25. *Cf. Plumlee v. State*, 106 Tex.Crim. 361, 365, 293 S.W. 1108, 1109 (1927) (on second motion for reh'g) ("The statements of the trial judge are not evidence."). *See Manganiello v. City of New York*, 612 F.3d 149, 769-70 (2d Cir. 2010) (trial judge instructing that his "rulings are not evidence"); *United States v. Campbell*, 317 F.3d 597, 607 (6th Cir. 2003) (same)

26. *Ex parte Palmberg*, 491 S.W.3d 804, 809 (Tex. Crim. App. 2016).

27. *See id.* at 807-08 ("A guilty plea does not violate due process, the Supreme Court observed, even when the defendant enters it while operating under various misapprehensions about the nature or strength of the State's case against him—for example, misestimating the likely penalty, failing to anticipate a change in law respecting punishment, miscalculating the admissibility of a confession, or misjudging the availability of a potential defense.").

28. *See Etter v. State*, 679 S.W.2d 511, 514 (Tex. Crim. App. 1984) (even if co-defendant's testimony was considered to be newly available, defendant did not exercise diligence because he failed to file a motion for severance).

The testimony of the arresting officer at the suppression hearing is evidence, but with the exception of the testimony about the clean van, appellee and the court of appeals have not explained how that evidence differs from the evidence defense counsel had already seen. Our review of the evidence at the co-defendant's suppression hearing indicates that the arresting officer's testimony was consistent with the video. The arresting officer's testimony, in general, was cumulative, because the appellee's counsel was aware of and had access to evidence (the video) that would convey the same facts with at least the same degree of credibility.[29] In fact, the video was the crucial evidence relied upon by the trial court in deciding that the officer had violated the law.

The arresting officer's comment about the clean van was not cumulative, but at best, that comment related to the officer's subjective reasons for the stop. The standard for whether a stop is legal is an objective one, and the subjective intent of the officer is irrelevant.[30] The comment about the clean van was, at best, collateral.

Moreover, appellee could have asked to speak to the arresting officer or could have sought a police report. Even if neither of those requests could be satisfied, she nevertheless could have filed a motion to suppress and obtained the officer's testimony at a suppression hearing—just as her co-defendant did. Consequently, appellee's failure to obtain the officer's testimony at the suppression hearing was due to her lack of diligence.[31]

Finally, we turn to the State's contention that appellee's ineffective assistance claim was untimely. Although the court of appeals did not resolve this issue, the State argues that we should reach it for the sake of judicial economy. Ordinarily, when we reject a court of appeals's disposition of an issue, we remand the case to that court to address any remaining issues that need to be addressed.[32] But in exceptional situations, when the disposition of the remaining issue is clear, we will sometimes dispose of the case in the name of judicial economy.[33] This is one of those situations.

A motion for new trial must be filed within thirty days after sentence is imposed or suspended in open court.[34] The motion can be amended at any time during that thirty-day period, but the trial court is barred from considering a ground raised outside the thirty-day period if the State properly objects.[35] Appellee did not raise

---

**29.** *See Moore v. State*, 882 S.W.2d 844, 849 (Tex. Crim. App. 1994) (new evidence was at most cumulative of other evidence of victim's alleged drug usage); *Shelton v. State*, 155 Tex. Crim. 187, 189, 233 S.W.2d 148, 149 (1950) ("[W]hatever portion of such testimony that seems to be material to appellant's defense was in the main but cumulative of the testimony of three other witnesses for appellant who testified to substantially the same facts."); *Moyers v. State*, 135 Tex.Crim. 387, 389, 120 S.W.2d 597, 598 (1938) (testimony of new witness who claimed to know a particular person that defendant said he bought a car from was not newly discovered evidence because the defendant knew four other individuals who could have testified to the same facts).

**30.** *Arguellez v. State*, 409 S.W.3d 657, 664 (Tex. Crim. App. 2013).

**31.** *See supra nn.* 26-28 and accompanying text.

**32.** *Davison v. State*, 405 S.W.3d 682, 691 (Tex. Crim. App. 2013).

**33.** *Id.* at 691-92.

**34.** Tex. R. App. P. 21.4(a); *Zalman*, 400 S.W.3d at 593.

**35.** *Zalman*, 400 S.W.3d at 593-95. *See also* Tex. R. App. P. 21.4(b).

an ineffective assistance claim in her motion for new trial. That claim was raised for the first time at the hearing on the motion for new trial, and that hearing was conducted outside the thirty-day period. At the hearing, the State objected that the ineffective assistance claim was untimely, and the State was correct.[36] The trial court was barred from considering the ineffective assistance claim.

We conclude that the court of appeals erred in upholding the trial court's decision to grant the motion for new trial. Consequently, we reverse the judgments of the courts below and remand the case to the trial court with instructions to reinstate the judgment of conviction and the sentence.

Hervey, J., filed a concurring opinion in which Keasler and Newell, JJ., joined.

Newell, J., filed a concurring opinion in which Keasler, Hervey, and Yeary, JJ., joined.

Alcala, J., filed a dissenting opinion.

Walker, J., dissents.

Richardson, J., did not participate.

Hervey, J., filed a concurring opinion in which Keasler and Newell, JJ., joined.

"Buyer's remorse" perhaps, but "calamity of errors" seems more likely.

## Background

Appellee, Rosa Arizmendi, was convicted of possessing more than 400 grams of methamphetamine with intent to deliver after police stopped the driver of the vehicle in which she was riding. Both Arizmendi and the driver were arrested. On April, 25, 2015, Arizmendi entered a guilty plea. She was sentenced to 25 years' confinement and assessed a $5,000 fine.

The case against Arizmendi was set in motion following a traffic stop that was visually recorded but did not contain any audio of the proceedings. This video was available at the time of Arizmendi's trial but was not introduced into evidence. (In fact, no evidence other than her plea and judicial confession were introduced.) The trial court's "certification of her right to appeal" specifies that she could not appeal the trial court's judgment because she entered a guilty plea. However, in another set of preprinted documents there is a written waiver of her right to file a motion for new trial. Thus, conflicting documents exist in the record regarding the appellee's waivers.

On May 4, 2015, a motion to suppress hearing was held in Arizmendi's co-defendant's (Jose Luis Cortez) case. There, the video of the traffic stop was introduced

---

**36.** The hearing itself was timely because it was conducted within seventy-five days after sentencing, Tex. R. App. P. 21.8(a), but the new claim that was advanced at the hearing was untimely because it was made more than thirty days after sentencing.

The dissent claims that a liberal construction of appellee's motion for new trial shows that appellee advanced a claim that her plea was involuntary due to ineffective assistance of counsel for failing to apprise her of the relevant facts. We disagree. The motion contained no statement that appellee's plea was involuntary or that counsel performed deficiently, nor did it allege that counsel failed to apprise appellee of relevant facts. Rather, the motion for new trial requested the granting of a new trial in the interest of justice and it stated that the officer's testimony at Cortez's motion to suppress hearing was new evidence that was not available or known at the time appellee pled guilty. If anything, the allegation that new evidence that was unknown at the time of trial has been discovered is the exact opposite of saying that counsel failed to apprise the defendant of evidence that was known at the time of trial. A party could certainly make alternative claims, but appellee's motion plainly did not do that.

into evidence, and the arresting officer testified. The trial court granted the co-defendant's motion to suppress, finding no violation of state law to justify the stop.

On May 15, 2015, Arizmendi filed a motion for new trial and arrest of judgment pursuant to Rule 21.3 and Rule 22.3 of the Texas Rules of Appellate Procedure. Tex. R. App. P. 21.3 (new trials), 22.3 (arrest of judgment in a criminal case). The motion was filed within the 30-day filing period allowed under Rule 21 and 22, and a hearing was held on June 9, 2015, which was well within the 75 days during which the trial court could grant a motion for new trial. *Id.* 21.8.

Although this Court's opinion does not directly address the State's argument that Arizmendi waived her right to file a motion for new trial, I make two observations. First, because Arizmendi was not aware of an ineffective-assistance-of-counsel claim until the hearing on the motion for new trial (which I address later), I do not believe that her waiver should be enforceable. In a similar situation, we have held that an applicant's bargained for waiver of any post-conviction habeas claim is unenforceable against a post conviction claim of an involuntary plea when the allegation is that of an involuntary plea. This is because there was "at least a reasonable likelihood that an accused who would have rejected a plea offer and pled not guilty but for the patent incompetence of his lawyers would have declined to waive habeas corpus relief as well." *Ex parte Reedy*, 282 S.W.3d 492, 500–01 (Tex. Crim. App. 2009). Although this case deals with a motion-for-new-trial waiver and not a post-conviction habeas waiver, I see no reason to apply a different rule. Both cases involved a plea, and in both cases, allegations of an involuntary plea have been made based on ineffective assistance of counsel that was not known at the time of the plea. The only apparent

difference is at what point the involuntary-plea claims of ineffective assistance were raised.

Second, I agree with the reasoning of the court of appeals that the trial court implicitly granted Arizmendi permission to file the motion for new trial when it set the motion for a hearing. In the past, we have held that a "trial court's subsequent handwritten permission to appeal controlled over the appellant's previous written waiver of the right to appeal," and we noted that, in light of that, the appellant was allowed to appeal despite the boilerplate waiver. *Ex parte De Leon*, 400 S.W.3d 83, 89 (Tex. Crim. App. 2013). We reasoned that the trial court was in the best position "to determine whether the previously executed waiver of appeal was validly executed and if there was any merit in the appellant's desire to appeal." *Id.*

Rule 21.3 of the Texas Rules of Appellate Procedure provides that,

> The defendant must be granted a new trial, or a new trial on punishment, for any of the following reasons:
>
> (a)  except in a misdemeanor case in which the maximum possible punishment is a fine, when the defendant has been unlawfully tried in absentia or has been denied counsel;
>
> (b)  when the court has misdirected the jury about the law or has committed some other material error likely to injure the defendant's rights;
>
> (c)  when the verdict has been decided by lot or in any manner other than a fair expression of the jurors' opinion;
>
> (d)  when a juror has been bribed to convict or has been guilty of any other corrupt conduct;
>
> (e)  when a material defense witness has been kept from court by force, threats, or fraud, or when evidence tending to establish the defendant's inno-

cence has been intentionally destroyed or withheld, thus preventing its production at trial;

(f) when, after retiring to deliberate, the jury has received other evidence; when a juror has talked with anyone about the case; or when a juror became so intoxicated that his or her vote was probably influenced as a result;

(g) when the jury has engaged in such misconduct that the defendant did not receive a fair and impartial trial; or

(h) when the verdict is contrary to the law and the evidence.

TEX. R. APP. P. 21.3.

In her motion for new trial, Arizmendi alleged that the verdict in her case was contrary to the law and the evidence [1] and that the trial could should grant a new trial in the interest of justice.

### Calamity of Errors

1. On January 24, 2014, Arizmendi and the driver, Cortez, were stopped by police. After the police found a large quantity of methamphetamine both were arrested and were indicted as co-defendants. They were charged with the same offense and their cases were in the same court, but they were represented by different attorneys on different days.

2. On April 28, 2015, Arizmendi entered a guilty plea and was sentenced. As part of her plea bargain, she did not have the right to appeal her conviction, and she also executed a waiver of appeal. (No "motion for new trial waiver" is in the record.)

3. On May 4, 2015, the trial court held a hearing on Cortez's (Arizmendi's co-defendant) motion to suppress. At that hearing, the recording of the traffic stop was admitted into evidence (although there is no audio). The arresting officer also testified. The trial court granted Cortez's motion, finding that "[t]he defendant was unlawfully stopped and detained; therefore, evidence garnered as a result of the detention is not admissible at trial."

4. Based on the outcome of her co-defendant's motion to suppress, Arizmendi filed a timely motion for new trial, *supra*, to which an affidavit is attached. In her motion for new trial, Arizmendi argued that the trial court should grant her motion because of "newly discovered evidence." According to her, the testimony of the arresting officer, together with the video of the traffic stop, and the findings of fact and conclusions of law in the Cortez case support her claim that she is entitled to a new trial in the interest of justice.

5. There was no attempt to amend the motion for new trial during the 30-day window.

6. At the motion-for-new-trial hearing, trial counsel offered into evidence a certified copy of the reporter's record and the trial court's findings of fact and conclusions of law from Cortez's case. No witnesses were called, and the recording of the traffic stop was not admitted at the hearing. Additionally, trial counsel admitted her errors, including that she never apprised Arizmendi of her right to file a motion to suppress,

[1] When a defendant asserts that he is entitled to a new trial because the verdict was contrary to the law and the evidence, he has raised *only* a sufficiency challenge. *State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013). Here, the only evidence was Arizmendi's judicial confession, which is sufficient evidence to support her judgment of conviction. *Potts v. State*, 571 S.W.2d 180, 182 (Tex. Crim. App. [Panel Op.] 1978).

that "she got sidetracked with other issues," that she reviewed the case file only once, that she just "sat back" to wait for the results of laboratory testing, and that she thought the recording of the traffic stop was "a close call" in terms of whether a motion to suppress would have been successful.

At the hearing on the motion for new trial, Arizmendi's attorney orally appeared to argue that her client's plea was involuntary and was the result of ineffective assistance of counsel on her part, but those claims were not timely raised, nor were they in writing. Though those claims may have had merit, counsel also apparently did not understand the rules governing motions for new trial.

## Bottom Line

While perhaps sympathetic to Arizmendi's dilemma, the trial court and the court of appeals both found a basis for granting a new trial, that of "new evidence" in the form of the arresting officer's testimony, which was only presented at her co-defendant's hearing on his motion to suppress. Unfortunately, despite the lower courts' apparent sense of injustice, the majority is correct in deciding that Arizmendi could have filed a motion to suppress and could have called the officer to testify. It is also correct to conclude that the officer's testimony at the co-defendant's hearing adds nothing more than the video portrays and that Arizmendi had access to the video before her plea; thus, there is no "new evidence" to support a valid claim, even in the interest of justice. *Zalman*, 400 S.W.3d at 593 ("A judge may grant or deny a motion for new trial 'in the interest of justice,' but justice means in accordance

with the law[,]" not based on a belief that the defendant got a raw deal).

As to other possible grounds for granting a new trial, counsel failed to properly raise them. The majority is therefore correct. I join the majority and I concur in the result.

The only other possible relief Arizmendi might be able to secure in the future would be in post-conviction proceedings.

Newell, J., filed a concurring opinion, in which Keasler, Hervey and Yeary, JJ., joined.

For well over a hundred years, trial judges in Texas have had the authority to grant a new trial, but for the past fourteen, advocates in criminal cases have used the phrase "interest of justice" from our precedent to argue that a new trial is warranted even though there is no legal basis for granting a new trial.[1] This case is a good example of why we should get away from treating "interest of justice" as a justification for relief or a standard of review. The phrase "interest of justice" is better understood as a recognition of a court's authority to act rather than a reason for acting or a standard to evaluate that action. Requesting a new trial "in the interest of justice" provides no guidance to a trial court regarding a basis for relief. And reviewing whether the trial court properly granted a new trial "in the interest of justice" is invariably answered by resorting to other legal standards and justifications. We should just cut out the middle man and hold that granting a new trial "in the interest of justice" refers to the trial court's power or authority to grant a new trial and not the basis for granting it. Our sister court, the Texas Supreme

**1.** *See e.g., State v. Thomas,* 428 S.W.3d 99, 107 (Tex. Crim. App. 2014) (holding that trial court improperly granted a new trial "in the interest of justice" where there was no valid legal claim upon which to base the grant of a new trial).

Court, has already reached this conclusion, and we should follow suit.

## Where Did We Get "In the Interest of Justice"?

Courts have repeatedly noted the long history of trial courts exercising their discretion to grant new trials "in the interest of justice." When doing so, courts typically rely upon "oft-quoted language in *State v. Gonzalez*" that points to the genesis of this phrase.[2]

> For more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice. In *Mullins v. State*, the Supreme Court, which at the time had criminal jurisdiction held: ... The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced, careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts.[3]

But in *Mullins v. State*, this language referenced a challenge, in a motion for new trial, to the sufficiency of the evidence.[4] Mullins, who had been convicted of horse thievery, filed a motion for new trial claiming that there was insufficient evidence of his felonious intent.[5] The Court agreed

with Mullins and expressed its opinion that, had the jury followed its oath and the jury instructions, it would not have convicted the defendant.[6] So the language relied upon by a plurality of the Court in *Gonzalez* is not referring to a reason or a ground for granting a new trial, but rather to the trial court's ability or power to grant a new trial.

The plurality opinion in *State v. Gonzalez* blurred this important distinction. We granted review in *Gonzalez* to determine primarily whether the grounds for granting a new trial had to be specifically enumerated under the Rules of Appellate Procedure.[7] We held, as we had in *Reyes v. State*, that the list of grounds for granting a new trial was illustrative, not exhaustive, and that a trial judge has the discretion to consider additional grounds for granting a new trial.[8] Then, we broadly proclaimed that "[f]or more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice" in reliance upon the language in *Mullins* quoted above.[9] We did not specifically say that "interest of justice" was a ground unto itself, but in the context of the issue under review, the implicit suggestion was hard to miss.

The *Gonzalez* plurality exacerbated this confusion in the way it addressed the State's argument that allowing a grant of a

---

2. *Thomas*, 428 S.W.3d at 105.

3. *Id.* at 104 (quoting *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993) (plurality opin.)).

4. *Mullins v. State*, 37 Tex. 337, 339 (1872).

5. *Id.*

6. *Id.*

7. *Gonzalez*, 855 S.W.2d at 693-94 ("The Collin County District Attorney's sole ground for review and the State Prosecuting Attorney's fourth ground for review contend that the

trial judge erred in granting the motions for new trial which were based on a ground not specifically enumerated in Rule 30(b)."). At the time, Rule 30(b) governed motions for new trial. The current rule governing the grounds for new trial is Rule 21.3 and is not substantively different than Rule 30(b).

8. *Gonzalez*, 855 S.W.2d at 694 (citing *Reyes v. State*, 849 S.W.2d 812 (Tex. Crim. App. 1993)).

9. *Gonzalez*, 855 S.W.2d at 694.

new trial "in the interest of justice" might render the State's right to appeal meaningless. Stepping over the obvious pleading and proof problems attendant to a claim as nebulous as "interest of justice" the plurality focused upon the abuse of discretion standard.[10] The plurality simply proclaimed that the "abuse of discretion" standard of review has provided meaningful appellate review of decisions on motions for new trial.[11] So, in a feat of appellate sleight-of-hand, *Gonzalez* appeared to transform "the interest of justice" into a basis for granting a new trial by palming the difficulties necessarily surrounding the evaluation of such claims and diverting attention to the abuse of discretion standard of review.

### How Did We Get To "A Valid Legal Claim"?

As the United States Supreme Court has acknowledged, any attempt to provide a general definition of the phrase "interests of justice" is unlikely to be helpful because the standard contemplates a pecu-liarly context-specific inquiry.[12] Texas experience with requests for new trials "in the interest of justice" after *Gonzales* bears this out. For example, when intermediate courts of appeals addressed whether a trial court could grant a new trial "in the interest of justice," some based their decisions upon the legal standards associated with the underlying legal claim.[13] But other courts of appeals have upheld the grant of a new trial by watering down the applicable legal standards, resorting to "interest of justice" as a unique basis for granting a new trial.[14] And in two instances, courts of appeals appeared to uphold the grant of a new trial "in the interest of justice" based upon errors in trial that did not necessarily require relief under any applicable legal standard.[15]

To clear up this confusion, we attempted to place some limits on what "in the interest of justice" means in *State v. Herndon*. We sought to bring our understanding of "in the interest of justice" in line with federal courts so that we could have some

10. *Id.* at 696-97.

11. *Id.*

12. *Martel v. Clair*, 565 U.S. 648, 652, 663, 132 S.Ct. 1276, 182 L.Ed.2d 135 (2012) (analyzing the request for counsel for federal capital defendants under the same "interests of justice" standard used for appointment of counsel for federal non-capital defendants).

13. *See e.g. State v. Belcher*, 183 S.W.3d 443, 449-50 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that a new trial was justified where trial counsel admitted error in failing to exercise peremptory challenges); *State v. Trevino*, 930 S.W.2d 713, 715-16 (Tex. App.—Corpus Christi 1996, pet. ref'd) (holding that a new trial was warranted "in the interest of justice" based upon a lack of an accomplice witness jury instruction); *State v. Dixon*, 893 S.W.2d 286, 288 (Tex. App.—Texarkana 1995, no pet.) (upholding a trial court's order granting a new trial based upon *Batson* error and ineffective assistance of counsel).

14. *See e.g. State v. Gill*, 967 S.W.2d 540, 542-43 (Tex. App.—Austin 1998, pet. ref'd) (upholding the grant of a new trial "in the interest of justice" in light of counsel's failing physical and mental health even though it was a close call as to whether representation amounted to ineffective assistance of counsel).

15. *See e.g. State v. Stewart*, 282 S.W.3d 729, 736-38 (Tex. App.—Austin 2009, no pet.) (upholding grant of new trial in the interest of justice where trial court mistakenly relied upon a misstatement in the pre-sentence investigation report even though the defendant could not adequately support an Eighth Amendment disproportionality claim); *State v. Moreno*, 297 S.W.3d 512, 522-23 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (holding that trial counsel's failure to introduce known, exculpatory evidence during the guilt phase of trial supported claim that new trial was warranted "in the interest of justice.")

standards for evaluating a trial court's decision on a motion for new trial. Otherwise, we explained, the phrase "interest of justice" would amount to a mere platitude with no substantive legal content covering a multitude of unreviewable rulings.[16] Similar to practice in federal court, we explained that a trial court will not abuse its discretion in granting a motion for new trial so long as the defendant: (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure.[17]

But the federal rule governing motions for new trial specifically incorporates the phrase "interest of justice" into its strictures.[18] The Texas rules governing motions for new trial do not.[19] Moreover, the list of grounds for granting a new trial originated with a statutory provision that was exhaustive.[20] We held in *State v. Evans* that the grounds listed for a new trial in the Rules of Appellate Procedure were illustrative rather than exhaustive because the rule governing motions for new trial did not contain the restrictive language found in the former statute.[21] Yet, this Court cannot abridge, enlarge, or modify the substantive rights of a litigant through its rule-making authority.[22] So, while the federal rule governing new trials has always been expansive, the Texas rule regarding criminal cases was limited in its inception. And, as discussed above, "in the interest of justice" was never an independent ground for granting a motion for new trial nor a standard for reviewing the granting of one.

### The Texas Supreme Court Has Already Reached This Conclusion

In civil cases, trial courts have traditionally been afforded broad discretion in granting new trials.[23] But unlike in criminal cases, the authority to grant new trials in civil cases is a product of the rules of civil procedure, and, by extension, the rule-making authority of the Texas Supreme Court.[24] In 1941, the Texas Legislature granted "full rule-making power in civil judicial proceedings" while simultaneously repealing all laws and parts of laws governing the practice and procedure in civil actions.[25] But, unlike in criminal cases, there appears to have only been two substantive limits placed upon a trial court's authority to grant a new trial in civil cases.[26] This stands in contrast to the for-

16. *State v. Herndon*, 215 S.W.3d 901, 908 (Tex. Crim. App. 2007).

17. *Id.* at 909.

18. Fed. R. Crim. P., Rule 33(a) ("Upon the defendant's motion the court may vacate any judgment or grant a new trial if the interest of justice so requires.").

19. Tex. R. App. P. 21.3; Tex. R. App. P. 21.9.

20. *State v. Evans*, 843 S.W.2d 576, 578-79 (Tex. Crim. App. 1992).

21. *Id.*

22. Tex. Gov't. Code Ann. § 22.108(a).

23. *In re Bent*, 487 S.W.3d 170, 175 (Tex. 2016).

24. *Id.* ("Our rules of civil procedure vest trial courts with broad authority to order new trials 'for good cause' and 'when the damages are manifestly too small or large'.") (quoting Tex. R. Civ. P. 320); *see also* Tex. Gov't. Code Ann. § 22.004(a) ("The supreme court has the full rulemaking power in the practice and procedure in civil actions, except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant.").

25. *Garrett v. Mercantile Nat. Bank*, 140 Tex. 394, 168 S.W.2d 636, 637 (1943).

26. *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist. of Texas*, 162 Tex. 613, 350 S.W.2d 330, 331 (1961) (noting two instances when a Texas appellate court has overturned the trial court's grant of a new

mer provisions of the Code of Criminal Procedure that provided an exclusive list of specific claims that could provide a basis for a trial court to grant a new trial in criminal cases.

In 1985, the Texas Supreme Court considered in a mandamus proceeding whether a trial court has the discretion to grant a new trial "in the interest of justice" in a civil case.[27] The Court answered that question affirmatively by noting the broad discretion trial courts have in granting new trials in civil cases and then explaining that there were only two recognized instances in which a Texas appellate court had overturned a trial court's grant of a new trial.[28] The Court reaffirmed that holding in 1988.[29] But in 2009, the Court disavowed these holdings when they decided *In re Columbia Medical Center of Las Colinas*.

> However, for the reasons stated above, we believe that such a vague explanation in setting aside a jury verdict does not enhance respect for the judiciary or the rule of law, detracts from transparency we strive to achieve in our legal system, and does not sufficiently respect the reasonable expectations of the parties and the public when a lawsuit is tried to a jury. Parties and the public generally expect that a trial followed by a jury verdict will close the trial process. Those expectations may be overly optimistic, practically speaking, but the parties and

public are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried. To the extent statements or holdings in our prior cases conflict with our decision today, we disapprove of them.[30]

If there was any doubt following *Columbia*, the Court made "indisputably clear" in *In re United Scaffolding, Inc.* that a trial court could not grant a new trial in a civil case based solely on "the interest of justice." There, the Court considered a trial court's order granting a new trial listing four reasons for granting a new trial including "in the interest of justice."[31] Each reason was preceded or followed by "and/or."[32] The Court held that the trial court's order granting a new trial was insufficient because a trial court lacks the authority to grant a new trial in a civil case based solely upon a claim that a new trial is warranted "the interest of justice and fairness."[33] According to the Court, "interest of justice and fairness" is never an independently sufficient reason for granting a new trial.[34]

Not surprisingly, the Court fashioned a two-pronged test for determining whether a trial court abused its discretion by granting a new trial in a civil case.

---

trial: 1) when the trial court's order was wholly void as where it was not rendered in the term in which the trial was had; and 2) where the trial court has granted a new trial specifying in the written order the sole ground that the jury's answers to special issues were conflicting).

27. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex. 1985).

28. *Id.* at 917.

29. *Champion Int'l. Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988).

30. 290 S.W.3d 204, 213 (Tex. 2009).

31. *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 689 (Tex. 2012).

32. *Id.*

33. *Id.*

34. *Id.* at 689-90.

In light of these considerations, we hold that a trial court does not abuse its discretion so long as its stated reason for granting a new trial (1) is a reason for which a new trial is legally appropriate (such as a well-defined legal standard or a defect that probably resulted in an improper verdict); and (2) is specific enough to indicate that the trial court did not simply parrot a pro forma template, but rather derived the articulated reasons from the particular facts and circumstances of the case at hand.[35]

This standard is largely consistent with our own articulation of the boundaries of a trial court's discretion in *Herndon* which we had announced five-years earlier.[36]

This trajectory of the Texas Supreme Court's understanding of a trial court's authority to grant motions for new trial has paralleled its limitation on the consideration of untimely amendments to motions for new trial. In 1983, the Court held in *Jackson v. Van Winkle* that a trial court has the discretion to consider a late filed motion for new trial in a civil case.[37] In reaching this decision, the Court relied upon *Independent Life Insurance Co. of America v. Work* which recognized a trial court's inherent authority to consider an amendment to a motion for new trial regardless of statutory provisions limiting the timing for filing the amendment.[38]

But in 2003, the Court held that grounds in an untimely amendment to a motion for new trial cannot provide the basis for appellate review.[39] In *Moritz v. Preiss*, the Court was faced with a medical malpractice case.[40] Preiss lost at trial and timely filed a motion for new trial alleging juror misconduct.[41] Then, Preiss sought to amend his motion to allege that an additional juror was also disqualified for misconduct.[42] The trial court denied the motion for new trial, but the court of appeals reversed the denial of the motion for new trial based upon the grounds contained in the untimely amended motion for new trial.[43] The Court held that the court of appeals could not consider the grounds in the untimely amendment as a basis for granting a new trial because doing so would not give full effect to the Court's procedural rules that limit the time to file new trial motions.[44] In doing so, the Court overruled *Jackson*.

The Court did observe, however, that a trial court could consider an untimely motion for new trial for guidance in the exercise of its inherent power to grant a new trial.[45] Yet, it is unclear whether the other party to the lawsuit ever objected to the untimely amendment at issue in *Moritz*. Moreover, the Court was not asked to uphold the grant of a new trial based upon

---

**35.** *Id.* at 688-89.

**36.** *Herndon*, 215 S.W.3d at 909 (noting that a defendant must state a valid legal claim and allege sufficient facts to support that claim); *see also Scaffolding*, 377 S.W.3d at 689 ("For example, an order granting a new trial may amount to a clear abuse of discretion if the given reason, specific or not, is not one for which a new trial is legally valid.").

**37.** 660 S.W.2d 807, 808 (Tex. 1983).

**38.** *Id.* (citing *Independent Life Insurance Co. of America v. Work*, 124 Tex. 281, 77 S.W.2d 1036 (1934)).

**39.** *Moritz v. Preiss*, 121 S.W.3d 715 (Tex. 2003).

**40.** *Id.* at 717.

**41.** *Id.* at 718.

**42.** *Id.*

**43.** *Id.*

**44.** *Id.* at 720-21.

**45.** *Id.* at 720.

an allegation presented in an untimely amendment to the motion for new trial. Thus, the Court never considered whether a trial court would abuse its discretion by granting a new trial based upon an allegation in an untimely motion for new trial over an objection by one of the parties.

Whether a court of appeals can uphold a trial court's order granting a new trial upon a basis alleged in an untimely amendment appears to be an open question for our sister court.[46] Given the Court's movement towards establishing more reliable standards for evaluating a trial court's grant of a new trial as well as the recognized need to give full effect to its procedural rules, it is too early to suggest that the Texas Supreme Court would handle this case any differently than we have were our roles reversed. Indeed, our sister court's jurisprudence in this regard seems to mirror our own even though the authority to grant a new trial in civil cases has historically been much broader than in criminal cases.

### What Does This Have To Do With This Case?

In this case, Appellee filed a "Motion for New Trial and Motion In Arrest of Judgment" within thirty days of sentencing. The only legal claim alleged in the motion is that "the verdict is contrary to the law and the evidence." We have consistently held that "allegations that a verdict [is] against the law and the evidence raises a sufficiency challenge and *only* a sufficiency challenge." [47] And, at the end of the motion, Appellee noted the trial court's dis-

cretion to grant a new trial "in the interest of justice."

As evidentiary support for her legal sufficiency claim, Appellee referred to "new evidence" that was not available or known at the time Appellee entered her plea of guilty. According to Appellee, the trial court had, subsequent to Appellee's plea, considered a motion to suppress filed in a co-defendant's case and based upon the same evidence surrounding the traffic stop in Appellee's case. Appellee alleged that the police officer's testimony at the suppression hearing and the DVD recording of the stop amounted to new evidence supporting Appellee's claim that no violation of the law had been committed by the suspect vehicle. Appellee's counsel also attached an affidavit reciting the same facts alleged in the motion.

At the hearing on the motion, Appellee's counsel sought to argue a new legal ground for granting a new trial. In addition to relying upon the allegations in the motion and the affidavit supporting the motion, Appellee's counsel also sought to claim she was ineffective for her decision not to file a motion to suppress. The following exchange took place:

> MR. MARTINDALE: Your Honor, I'm going to object to this line; that's not part of this Motion.
>
> MS. MCCOY: Your Honor, I'm entitled to bring things outside of the motion. In fact, the motion itself says based on— my Motion itself says based on these facts, as well as anything else that may come out at the hearing, we would re-

**46.** *See e.g., In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 754 n. 4 (Tex. 2013) (declining to consider the propriety of the trial court's consideration of an allegation in an untimely amendment to a motion for new trial over one party's objection where the trial court based its ruling exclusively upon

grounds contained in the original motion for new trial).

**47.** *State v. Zalman*, 400 S.W.3d 590, 594 (Tex. Crim. App. 2013) (citing *Bogan v. State*, 78 Tex.Crim. 86, 180 S.W. 247, 248 (1915)).

quest the Motion for New Trial be granted.

MR. MARTINDALE: She is—

THE COURT: I'll let her continue.

The trial court heard the State's objection that this was outside the scope of the motion, and the trial court overruled that objection by informing the parties that it would allow trial counsel to continue.[48] The trial court ultimately granted the motion for the new trial "in the interest of justice."

In *State v. Zalman*, we held that when a defendant states a valid legal claim, he must point to evidence that supports the same legal claim.[49] To hold otherwise would defeat the notice requirements of the motion.[50] There, the defendant raised a claim in his motion for new trial that the verdict was "contrary to the law and the evidence" but he sought to raise additional claims regarding evidentiary suppression issues in a memoranda of law in support of the motion.[51] We held that the trial court abused its discretion in granting the new trial because the memoranda of law was untimely and did not support the legal claim presented in the motion.[52]

Here, Appellee raised facts in the motion for new trial, but those facts do not support the legal claim for relief. Rather than articulate another legal claim for relief in her motion that might find support in the the alleged facts, Appellee simply relied upon "the interest of justice." Under *Zalman*, the trial court could have denied Appellee's motion without a hearing because the alleged facts did not support the stated claim for relief.

Of course, the trial court granted the motion, and we must uphold the trial court's ruling if it is correct under any theory of law.[53] But, as discussed above, "interest of justice" is not a legal claim unto itself. And treating it as a magic portal through which we simply look at the facts alleged in the motion to see if they satisfy an unarticulated legal claim undermines the pleading requirements for motions for new trial.

The Court liberally construes the motion as also including a "new evidence" claim based upon the factual allegations contained within the motion. The Court's approach is consistent with the general practice of construing Rules of Appellate Procedure liberally.[54] And I agree with the

---

**48.** In the context presented here, the trial court's statement "I'll let her continue" is not any different than "I'll allow it." A trial court's ruling on a matter need not be expressly stated if its actions or other statements otherwise unquestionably indicate a ruling. *See e.g., Ramirez v. State*, 815 S.W.2d 636, 650 (Tex. Crim. App. 1991) (trial judge "implicitly overruled" defendant's objection to State's question by directing witness to answer question). I do not read *State v. Moore* as obviating the State's need to obtain an adverse ruling from the trial court regarding its objection to an untimely amendment to a motion for new trial. 225 S.W.3d 556 (Tex. Crim. App. 2007) (holding that State must make a timely objection to any untimely amendment of a motion for new trial). Nor do I think the Court does. Rather, I understand *Moore* as holding that the State must preserve the right to complain

on appeal that the trial court abused its discretion in granting a new trial based upon an allegation contained in an untimely amendment to a motion for new trial. In this case the State did so. Appellee does not argue otherwise.

**49.** *Zalman*, 400 S.W.3d at 594-95.

**50.** *Id.*

**51.** *Id.* at 592.

**52.** *Id.* at 595.

**53.** *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013).

**54.** *See e.g. Fulgham v. Fischer*, 349 S.W.3d 153 (Tex. App.—Dallas 2011, no pet.) (noting

Court's holding that the evidence adduced at the co-defendant's motion to suppress is not "new evidence." I also agree with both the Court and the concurrence, that even under a liberal reading of the pleadings, Appellee's involuntary plea and ineffective assistance claims were not included in Appellee's original pleadings. Saying that these legal claims are subsumed within an "interest of justice" claim continues the myth that we have ever held that "the interest of justice" provides an independent legal basis for a new trial.[55] Moreover, it fails to give full effect to our procedural rules setting a time limit on filing amendments to a motion for new trial.[56] Because the State properly objected to Appellee's untimely grounds for a new trial at the hearing and obtained an adverse ruling, these new legal claims do not provide a basis to support the trial court's ruling.[57]

With these thoughts I join the Court's opinion.

Alcala, J., filed a dissenting opinion.

For well over a hundred years, trial judges in Texas have been permitted to grant a new trial in the interest of justice, subject to reversal by an appellate court only under circumstances showing that a trial judge abused his discretion in granting the new-trial motion.[1] In light of this longstanding historical practice, I would affirm the judgments of the trial court that awarded Rosa Elena Arizmendi, appellee,

a new trial in this case, and of the court of appeals that upheld the trial court's ruling. In the instant case, the record from the new-trial hearing clearly established a proper legal theory underlying the trial court's decision to grant appellee a new trial in the interest of justice—her guilty plea was involuntarily made due to her attorney's ineffectiveness. Although that legal theory was not expressly included in appellee's written motion for new trial, I would hold that the State failed to preserve its complaint with respect to appellee's implied amendment of her motion because it failed to obtain an adverse ruling from the trial court, and, alternatively, that even if the State had preserved its objection, the trial court retained its inherent authority to permit the amendment. Under these circumstances, I agree with the court of appeals's conclusion that the trial court did not abuse its discretion by granting appellee a new trial. I, therefore, respectfully dissent from this Court's judgment that reverses the judgment of the court of appeals and affirms appellee's conviction.

## I. Background

A police officer stopped a van driven by appellee's co-defendant on a freeway because the officer believed he had observed a traffic violation. Appellee was a passenger in the vehicle. As a result of the traffic stop, the co-defendant and appellee were each charged with possession with intent

that Texas appellate court's must construe the Texas Rules of Appellate Procedure reasonably, yet liberally).

**55.** As discussed above, our sister court would agree. *See Scaffolding*, 377 S.W.3d at 689-90 (holding that "in the interest of justice and fairness" is never an independently sufficient reason for granting a new trial).

**56.** *See* Tex. R. App. P. 21.4(b) (*"To Amend.* Within 30 days after the trial court imposes or

suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amendment motions for new trial.").

**57.** *Moore*, 225 S.W.3d at 570.

**1.** *See State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993).

to deliver a controlled substance weighing over 400 grams. The traffic stop was recorded on a video, a copy of which was given to appellee prior to trial, but the video did not contain any audio recording. Appellee's counsel decided not to file a motion to suppress the evidence from the traffic stop, but she neglected to discuss that decision with appellee. Appellee pleaded guilty pursuant to an agreed plea bargain for twenty-five years' confinement and a $5,000 fine. After appellee's plea of guilty, her co-defendant filed a motion to suppress the evidence, and, after a hearing, all of the evidence was suppressed on the basis that the officer did not have any lawful reason for the traffic stop.

Appellee filed a combined motion for new trial and motion in arrest of judgment. Appellee's motion alleged that the verdict was "contrary to the law and the evidence." In support of her motion, appellee referenced the trial court's decision to suppress all of the evidence in her co-defendant's case. She further noted that the trial judge who granted her co-defendant's motion to suppress was the same judge who had accepted her plea of guilty. After summarizing the substance of the officer's testimony at the co-defendant's suppression hearing, appellee's motion asserted that the officer's testimony was "new evidence which was not available or known" to appellee at the time that she entered her plea of guilty. The motion stated that the trial court "has the discretion to grant a new trial in the interests of justice." The motion concluded, "For the foregoing reasons, and for such other reasons that may arise on the hearing of this Motion, Defendant requests a new trial."

At the evidentiary hearing on appellee's motion for new trial, appellee's counsel offered the reporter's record of the co-defendant's suppression hearing and the findings of fact and conclusions of law that had been made by the trial judge at that hearing. Although she did not call any witnesses, appellee's counsel indicated that she would like to "address the Court with some additional information from myself, as an officer of the court." She stated on the record that, prior to appellee's plea of guilty, she had reviewed the case file and the officer's patrol-car video, and she personally decided not to pursue a motion to suppress because she did not believe that the motion would be successful. Counsel explained that she "got sidetracked with other issues in the case" and neglected to "present[ ] the option of a motion to suppress to [appellee] as something that we could do." Counsel told the trial court that she believed that failing to discuss the suppression issue with appellee was a "mistake" and that it "was ineffective." Trial counsel said, "And I ... confess that there couldn't have been knowing [waiver] because of my own failure." Counsel told the trial court that the option of a motion to suppress "should have been presented to [appellee] for her to understand and her to make the choice of whether that's a risk that she wanted to take or not because it goes to the heart of this case." Counsel told the court that she did not want to see appellee "pay for a mistake" that was "purely" counsel's alone.

In response to the statements by appellee's trial counsel, the State objected. It suggested that a possible claim of involuntary plea due to ineffective assistance of counsel was "not part of this motion" and "cannot be addressed here" because appellee had failed to include that theory in her written new-trial pleadings. Relying on an unpublished case from the Seventh Court of Appeals,[2] the State argued that a

---

**2.** *See State v. Barrow,* No. 07-13-00147-CR,     2014 WL 3536981 (Tex. App.—Amarillo July

litigant is "barred from bringing up any other theories, other than what is in [her] Motion, filed within 30 days of the entry of the judgment." The State noted that appellee's motion "here says merely new evidence." When the State objected to defense counsel's discussion of ineffectiveness as being outside of the scope of the issues raised by the new-trial motion, the judge responded by stating, "I'll let her continue." The trial court did not make any express ruling on the State's objection. In an order issued subsequent to the hearing, the court granted appellee's motion for new trial on the basis that it was in the interest of justice.

On appeal, the court of appeals upheld the trial court's ruling awarding appellee a new trial. The court of appeals explained that, "according to the ruling of the trial court in [the co-defendant's suppression] proceeding, that evidence established the trooper did not lawfully stop her co-defendant's van." *State v. Arizmendi*, No. 07-15-00238-CR, 2016 WL 2986041, at *3 (Tex. App.—Amarillo May 19, 2016) (mem. op., not designated for publication). The court of appeals determined that this " 'new evidence' in the form of the trooper's testimony could not have been available to [appellee] before entering her guilty plea on April 28, 2015, when the trooper's testimony did not exist until her co-defendant's suppression hearing on May 4, 2015." *Id.* The court of appeals explained that the "chronology demonstrates that the failure to obtain the evidence was not due to a lack of due diligence." *Id.* The court of appeals continued that the "trooper's testimony was not cumulative, corroborative, collateral, or impeaching." *Id.* Furthermore, the court of appeals decided that, considering that appellee's case was pend-

ing in the same court as her co-defendant's case, appellee would probably have been successful had she pursued a motion to suppress, and thus the outcome of the proceedings likely would have been different had she been aware of the trooper's testimony prior to entering her plea of guilty. *Id.* The court of appeals concluded that appellee had demonstrated that she was entitled to a new trial on the basis of newly discovered evidence, and it upheld the trial court's ruling granting her motion on that basis. *Id.*

In addition, given its holding in appellee's favor as to the issue of newly discovered evidence, the court of appeals declined to reach the State's argument that the trial court had abused its discretion by considering the issue of ineffective assistance of counsel that had not been expressly pleaded in appellee's written new-trial motion. *Id.* The court of appeals explained, "Because we have already found that the trial court did not abuse its discretion in granting Appellee a new trial based upon newly discovered evidence, we need not reach the issue of ineffective assistance of counsel." *Id.*

## II. Analysis

Applying the abuse-of-discretion standard of review to this case, I conclude that the trial court's decision to grant appellee a new trial must be upheld. I reach this conclusion by determining that the State failed to preserve its complaint that the trial court abused its discretion by considering appellee's evidence and implied amendment of her new-trial motion to include an ineffective-assistance-of-counsel theory.[3] Despite the fact that her written

16, 2014) (mem. op., not designated for publication).

3. I agree with the majority opinion's assessment that the court of appeals erred by concluding that the officer's testimony at the suppression hearing constituted newly discovered

motion did not expressly ask for a new trial on the basis of her plea being involuntary due to counsel's failure to pursue a suppression motion on her behalf, the record of the new-trial hearing clearly established that appellee intended to expand her motion to include that theory as a basis for relief. Although the State objected to appellee's expansion of her theory that had been pleaded in her written motion, the trial court never ruled on that objection, and thus the State has not preserved this complaint for appeal. In the alternative, I would hold that a trial court retains inherent authority to consider an untimely basis for granting a new trial, regardless of whether the State objects. I explain my reasoning below.

## A. Appellate Courts Must Review Trial Court Rulings on New-Trial Motions for Abuse of Discretion

The standard of review when a trial court grants a motion for new trial is abuse of discretion. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014). In reviewing a trial court's decision to grant a motion for new trial, an appellate court views the evidence in a light most favorable to the trial court's ruling, defers to the court's credibility determinations, and presumes that all reasonable fact findings in support of the ruling have been made. *Id.* at 103-04.

"The test for abuse of discretion is not whether, in the opinion of the appellate court, the facts present a suitable case for the trial court's action, but rather, whether the trial court acted without reference to any guiding rules or principles." *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016). An appellate court does not substitute its judgment for that of the trial court; rather, an appellate court decides " 'whether the trial court's decision was arbitrary or unreasonable.' " *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014) (quoting *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006)).

This Court has acknowledged that, for well over a hundred years, Texas trial judges have had the discretion to grant new trials in the interest of justice. *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993). In *Gonzalez*, this Court quoted language from the Texas Supreme Court's 1872 opinion in *Mullins v. State* indicating that a trial court "should never hesitate to use [its] discretion" to grant a new trial "whenever the ends of justice have not been attained by" the verdict. *Id.* (quoting *Mullins v. State*, 37 Tex. 337, 339-40 (1872-73)). In more recent cases, this Court has held that, in general, a trial court does not abuse its discretion by granting a new trial if a defendant (1) articulated a valid legal claim in her motion for new trial, (2) produced evidence or pointed to evidence in the trial record that substantiated her legal claim, and (3) showed prejudice to her substantial rights. *See State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007). In *Herndon*, this Court clarified that a defendant "need not establish reversible error as a matter of law before the trial court may exercise its discretion in granting a motion for new trial." *Id.*; *see also id.* at 907 ("Even errors that would not inevitably require reversal on appeal may form the basis for the grant of a new trial, if the trial judge concludes that the proceeding has resulted in 'a miscarriage of justice.' "). On the other hand, trial courts do not have the discretion to grant a new trial "unless the defendant demon-

---

evidence that would entitle appellee to a new trial. As the majority opinion suggests, that evidence was not truly "new" because appellee could have obtained that same evidence

through a suppression motion and hearing, and thus the evidence was not unavailable to her at the time that she pleaded guilty.

strates that his first trial was seriously flawed and that the flaws adversely affected his substantial rights to a fair trial." *Id.* at 909. Thus, a trial court's grant of new trial must be made on a legally valid reason and may not be done for mere sympathy, or based on a personal belief that a defendant is innocent or got a bad deal. *See Thomas*, 428 S.W.3d at 104.

The issue in this case is whether the trial court abused its discretion by granting appellee's request for a new trial in the interest of justice on the basis that her plea was involuntary due to ineffective assistance of counsel under these circumstances in which that theory was not expressly pleaded in her written motion for new trial. As I explain below, I conclude that the trial court did not abuse its discretion by considering trial counsel's ineffectiveness because the State did not obtain an adverse ruling from the trial court after it objected to the court's consideration of that claim, and thus the State's complaint has not been preserved for appeal. Alternatively, I conclude that the trial court had the inherent authority to grant appellee's motion for new trial even as to matters that were raised at the evidentiary hearing on her motion for new trial that had not been expressly pleaded in her written motion.

**B.  The State Failed to Preserve Its Complaint that the Trial Court Was Barred from Considering Appellee's Implicit Amendment to her Motion and New Evidence on Ineffective Counsel**

As I explain below, this Court has held in *State v. Moore* that a trial court has jurisdiction and authority to consider untimely amendments to motions for new trial, and I agree with that holding. *State v. Moore*, 225 S.W.3d 556, 557 (Tex. Crim. App. 2007) (holding that, "at least so long as the State does not timely object to a late-filed amended motion for new trial,

the trial court does not err to grant it"). This Court, however, has also held that, upon the State's objection, a trial court may not consider untimely amendments to motions for new trial, but I conclude that this holding is incorrect because it does not comport with this Court's general jurisprudence for preserving complaints for appeal. Given that the trial court's violation at issue is merely its consideration of a matter included in an untimely amendment to a motion for new trial, which is a matter that implicates the failure to comply with a statute or rule, at most, the State should have preserved its complaint with an objection and by obtaining an adverse ruling from the trial court. Here, I would overrule *Moore* and its progeny to the extent that those decisions imply that the State may preserve its complaint by objection only and that it is unnecessary for the State to obtain an adverse ruling from the trial judge in order to preserve its complaint for appeal. Furthermore, I would hold that, because it did not obtain an adverse ruling from the trial court in this case, the State failed to preserve its complaint that the trial court considered grounds exceeding the scope of appellee's motion for new trial.

Regarding a trial court's authority to consider a basis for granting a new trial that was not timely presented either in an original motion for new trial or in a timely amendment, this Court has held that a trial court may grant a new trial on such a basis only in the event that the State does not object. In *Moore*, the trial court had granted a new trial on the basis of a ground presented in the defendant's second amended motion for new trial that had been filed outside the thirty-day window for filing such motions. *Id.* at 557; *see also* TEX. R. APP. P. 21.4(b) (permitting defendant to amend his timely filed new-trial motion within 30 days after the date when

the trial court imposes or suspends sentence in open court, but before the court overrules any preceding motion for new trial). In assessing whether the rules of appellate procedure would prohibit such action by the trial court, we held that, although the defendant's amended motion was untimely under Rule 21.4(b), that fact did not "deprive the trial court of the authority to rule on a tardy amendment to a timely motion for new trial, at least absent an objection from the State, at any time within the seventy-five days for ruling on a motion for new trial." *Moore*, 225 S.W.3d at 558; *see also* TEX. R. APP. P. 21.8(a) (trial court must rule on new-trial motion within seventy-five days after imposing or suspending sentence in open court). Relying on the Supreme Court's reasoning in *Eberhart v. United States*,[4] we determined that the timeliness requirement of Rule 21.4(b) "affects neither the jurisdiction nor the authority of the trial court." *Moore*, 225 S.W.3d at 568. We further explained,

> Under current law, the subject-matter jurisdiction of the trial court over the case and the defendant extends, should the defendant timely file a sufficient notice of appeal, to the point in time at which the record is filed in the appellate court. Moreover, the trial court's authority to rule on a motion for new trial extends to the seventy-fifth day (so long as a timely original motion for new trial is filed on or before the thirtieth day) after sentence is imposed or suspended in open court.... Because a trial court retains the authority to rule on a timely filed original motion for new trial within the seventy-five-day period, we hold that it also retains the authority to allow an amendment to that original motion within that same period, and to rule on that amendment, so long as the State does

not object. Thus, the lateness of an amendment to a timely original motion for new trial affects neither the jurisdiction nor the authority of the trial court to rule.

*Id.* at 568-69. We indicated that the type of right at issue—the State's right to prevent an untimely amendment to a timely filed new-trial motion—was not the type of "absolute" requirement that could be raised at any time, but rather was a forfeitable right that requires a timely objection in the trial court. *Id.* at 569-70. We held that, in the event that a trial court refused to limit its ruling to the original motion and granted relief on the basis of an untimely amendment over the State's objection, "the appellate court should consider only the validity of the original and any timely amended motion for new trial, and should reverse any ruling granting a new trial based upon matters raised for the first time in an untimely amendment." *Id.* at 570. The rule after *Moore*, therefore, is that a defendant must plead and present any basis for seeking a new trial in his new-trial motion or in a timely amendment to that motion, or risk an objection from the State that would prevent the trial court from being able to consider the untimely raised ground. *See id.*; *see also State v. Zalman*, 400 S.W.3d 590, 591, 595 (Tex. Crim. App. 2013) (reversing a trial court's order granting a new trial where the defendant did not present evidence of the same claim that was raised in his motion, and the State properly objected; it was "error for the trial court to grant [Zalman's] motion for new trial over the State's objection when the appellee argued only unpled (or untimely pled) grounds at the hearing"). This rule has been applied to situations where, as here, the defendant did not file any written amendment to his new-trial motion but simply presented new

4. 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005).

evidence and argument at the new-trial hearing that enlarged the grounds upon which he had indicated he was seeking relief in his new-trial motion. *See Clarke v. State*, 270 S.W.3d 573, 581 (Tex. Crim. App. 2008) (holding that trial court could properly consider evidence and arguments raised for the first time at new-trial hearing because *"Moore* explicitly permits a trial court to consider the merits of an untimely amendment to a motion for new trial if, as in this case, the State does not object"); *see also Shamim v. State*, 443 S.W.3d 316, 326-28 (Tex. App.—Houston [1st Dist.] 2014).

Although this Court's *Moore* decision focused on whether the State had objected to Moore's amended motion, this Court should have more properly additionally considered whether the State had preserved its complaint for appeal by obtaining an adverse ruling from the trial court. This Court has repeatedly noted that an objection alone is not enough to preserve error. To preserve error, the complaining party must object and get an adverse ruling from the trial court. *See Smith v. State*, 499 S.W.3d 1, 5 (Tex. Crim. App. 2016) ("To preserve error, a party must, among other things, obtain a ruling on the complaint or object to the trial judge's refusal to rule."). Here, although the State objected, it did not obtain an adverse ruling from the trial court. Thus, the State has not preserved its complaint that the trial court erred by granting appellee's motion for new trial, as implicitly amended at the motion for new trial hearing. I, therefore, conclude that this Court errs by holding that the State's objection alone is adequate to preserve its complaint that the trial court abused its discretion by considering appellee's amended motion for new trial. I would hold that, because the State did not preserve its objection to the trial court's consideration of appellee's implicitly amended motion for new trial, the State

may not now complain that the trial court granted appellee's motion for new trial on the basis of ineffective assistance of counsel.

**C. Alternatively, a Trial Court Has Inherent Authority to Grant a New Trial Even As to Matters Untimely Raised at an Evidentiary Hearing on a Motion for New Trial**

Although I have applied this Court's precedent in *Moore* in other cases, I now conclude that it is time for this Court to revisit whether the portion of *Moore* that focuses only on the State's objection was correctly decided. As I explained above, *Moore* should have focused on whether the State's complaint was preserved rather than on whether the State made a mere objection. Furthermore, *Moore* should have determined that a trial court has the inherent power to grant relief on the basis of an untimely amendment to a motion for new trial. I explain my reasoning by discussing the Texas Rules of Appellate Procedure and the Texas Supreme Court's treatment of a similar rule in the context of civil cases.

The *Moore* rule is not rooted in the language of the rules of appellate procedure. As *Moore* points out, we have construed Rule 21.4(b) simply to prohibit any amendments by a defendant to a timely filed new-trial motion outside of the 30-day window for filing such motions. 225 S.W.3d at 566. The language of the rule itself does not speak to a trial court's authority to permit arguments or evidence that may emerge after the 30-day window has expired. The rule states, "Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial." TEX. R.

App. P. 21.4(b). Our analysis in *Moore* confirmed that the rule does not speak to a trial court's jurisdiction or authority over an untimely amendment to a motion for new trial. This Court indicated that the rule's "limitation on filing an amendment to a timely filed original motion for new trial affects neither the jurisdiction nor the authority of the trial court." *Moore*, 225 S.W.3d at 568. Nothing in the language of the rules of appellate procedure suggests that the trial court did not have the inherent authority to consider an untimely amendment to a motion for new trial. This Court's holding today limiting the trial court's inherent authority to grant relief in this context is not required by the rules of appellate procedure.

In light of the fact that the Texas Supreme Court has held that a trial court does have the inherent authority to consider an untimely amendment of a motion for new trial, this Court's decision today makes criminal law more difficult for parties to obtain relief than civil litigants. Civil courts of Texas are authorized to grant a new trial under their inherent authority even on a basis that is not timely raised. *See Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003) ("[T]he trial court may, at its discretion, consider the grounds raised in an untimely motion and grant a new trial under its inherent authority before the court loses plenary power."). This is true even though the rules of civil procedure impose time limits on filing and amending new-trial motions much in the same manner as the criminal rules. *Compare* Tex. R. Civ. P. 329b(a), (b), *with* Tex. R. App. P. 21.4(a), (b). In *Moritz*, the Texas Supreme Court explained that, although an untimely raised basis for seeking a new trial would not entitle a litigant to appellate review of the trial court's ruling denying relief on that basis, a trial court could exercise its discretion to consider that ground as a basis to grant relief. *See Mor-*

*itz*, 121 S.W.3d at 720 (although trial court may consider such a basis for granting a new trial, "[a] trial court's order overruling an untimely new trial motion cannot be the basis of appellate review, even if the trial court acts within its plenary power period"). It further explained,

> If the trial court ignores the tardy motion, it is ineffectual for any purpose. The court, however, *may look to the motion for guidance in the exercise of its inherent power and acting before its plenary power has expired, may grant a new trial*; but if the court denies a new trial, the belated motion is a nullity and supplies no basis for consideration upon appeal of grounds which were required to be set forth in a timely motion.

*Id.* (emphasis added). The *Moritz* Court did not indicate that the trial court's inherent power to consider an untimely raised basis for granting a new trial would be limited in any way by an objection from the opposing party. But it did indicate that a litigant would be barred from complaining on appeal that the trial court had ignored or denied relief on an untimely raised basis for relief. Had this case landed in the Texas Supreme Court rather than this Court, the trial court's grant of a new trial for appellee likely would have been upheld.

Applying these principles here, I would hold that the trial court acted within its discretion in granting appellee a new trial on a basis that was not expressly included in her written new-trial pleadings, where the record at the new-trial hearing clearly established that theory as a basis for granting her relief. I would abandon the rule in *Moore* to the extent that it prohibits a trial court from exercising its discretion in this manner whenever the State objects to the untimeliness. Perhaps the proper remedy under those circumstances would be to grant the State a continuance

so that it may prepare evidence and argument in rebuttal, but, in any event, I would not hold that the trial court abused its discretion by considering appellee's ineffective-assistance arguments that emerged at the new-trial hearing.

**D. Trial Court Did Not Abuse Its Discretion by Granting Appellee's Motion**

In my view, the resolution of this case comes down to whether the trial court could properly grant appellee a new trial on the basis of an involuntary plea due to the ineffectiveness of her counsel for failing to investigate and pursue a suppression motion on her behalf. Appellee's written motion did not raise that argument, but the record from the new-trial hearing clearly established that ground as a valid basis to grant her relief.

I would hold that the trial court acted within its discretion in granting appellee a new trial on a basis that was not expressly included in her written new-trial pleadings, where the record at the new-trial hearing clearly established that theory as a basis for granting her relief. I would abandon the rule in *Moore* to the extent that it prohibits a trial court from exercising its discretion in this manner whenever the State objects to the untimeliness and instead focus on whether the trial court abused its discretion by overruling the State's objection.

Further, turning to the merits of appellee's ineffective-assistance ground, the record viewed in a light most favorable to the trial court's ruling demonstrates that the trial court's grant of a new trial was not an abuse of discretion. *See Herndon*, 215 S.W.3d at 909. First, regarding the requirement that a trial court's decision be based on a valid legal theory, as discussed above, here the record from the new-trial hearing clearly indicated that appellee was seeking to advance an argument that her trial counsel had been ineffective for failing to discuss with appellee the prospects of filing a motion to suppress on her behalf and that this prejudiced appellee because the trial court would likely have suppressed the evidence, as it did in appellee's co-defendant's case, had a motion been filed. *See, e.g., Ex parte Harrington*, 310 S.W.3d 452, 460 (Tex. Crim. App. 2010) (holding that Harrington's plea of guilty "was the result of ineffective assistance of counsel" due to counsel's failure to conduct an adequate investigation and his plea "was thus involuntary"). Because the evidence and arguments adduced at the new-trial hearing clearly gave rise to a viable claim that appellee's trial counsel had rendered ineffective assistance during the plea proceedings, the situation in this case does not constitute a trial court acting upon mere sympathy or personal belief that the defendant got a bad deal. *See Herndon*, 215 S.W.3d at 909.

The second criteria in *Herndon* requires that appellee have produced evidence or pointed to evidence in the trial record that substantiated her legal claim. *See id.* The substantiation of a legal claim, however, does not necessarily mean that a defendant must show that he absolutely would have prevailed on the issue on appeal. *Id.* In this case, appellee has shown that, at the time she pleaded guilty, she was unaware of the evidence provided by the trooper at the co-defendant's suppression hearing, and counsel has acknowledged failing to apprise appellee of all of the pertinent facts before the plea of guilty and the possibility of a suppression hearing. Appellee's trial counsel explained that she had performed ineffectively in failing to fully apprise appellee of the pertinent facts and that, in light of that failure, appellee's waiver of her rights and plea agreement could not have been knowingly made. Given that evidence, appellee has

produced evidence that substantiated her legal claim that a new trial was necessary in the interest of justice because her counsel's ineffectiveness prejudiced her rights to seek and likely prevail on a motion to suppress. *See id.*

The third criteria in *Herndon* requires appellee to show prejudice to her substantial rights. *See id.* I would defer to the trial court's implicit determination that appellee received ineffective assistance of counsel that prejudiced her substantial rights to seek suppression of the evidence that had been obtained by the police against her. I conclude that appellee would not have pleaded guilty had she been properly advised by counsel and, thus, the trial court correctly determined that it was in the interest of justice to award her a new trial.

### III. Conclusion

The issue in this case comes down to whether this Court must disturb a trial court's ruling granting a motion for new trial in the interest of justice when the evidence and arguments from the hearing on appellee's motion clearly established a valid legal basis for granting her motion. I cannot agree with this Court's conclusion that the trial court acted without reference to guiding legal principles in granting her motion under these circumstances. I, therefore, would uphold the court of appeals's judgment that determined that the trial court did not abuse its discretion in awarding appellee a new trial in the interest of justice. I, therefore, respectfully dissent from this Court's judgment reversing the lower courts' rulings in this case.