**Opinion filed August 30, 2019**



### In The

# Eleventh Court of Appeals

_____

## No. 11-17-00231-CR

_____

## MICAH LOY VASEK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-16-0495-CR**

### M E M O R A N D U M   O P I N I O N

Appellant, Micah Loy Vasek, pleaded guilty to one count of driving while intoxicated—a third-degree felony due to two prior DWI convictions. He also pleaded true to an additional enhancement allegation. The trial court convicted Appellant, assessed his punishment at confinement for seventeen years and a $2,500 fine, and sentenced him accordingly. In one issue on appeal, Appellant argues that the trial court abused its discretion in denying Appellant's request for a new trial on

the ground that the State failed to disclose a rebuttal witness's criminal history. However, because we hold that the excluded evidence was not material, we overrule Appellant's sole issue and affirm the trial court's judgment.

*Background Facts*

Appellant was indicted with one count of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2018). The offense was enhanced to a third-degree felony due to Appellant's previous convictions for driving while intoxicated. *See* PENAL § 49.09(b)(2). At trial, Appellant waived his right to a jury, pleaded "guilty" to the indictment and to his prior convictions, and elected to have the trial court assess punishment. The trial court accepted Appellant's plea and proceeded to the punishment phase, at which Appellant pleaded true to an enhancement allegation regarding his prior conviction for burglary of a habitation. Thus, the applicable range of punishment was increased to that for a second-degree felony. PENAL § 12.42(a) (West 2019).

The State presented ten primary witnesses during the punishment phase of trial, including multiple former and current officers with the Odessa, Midland, and Monahans police departments. Appellant's former community supervision officer from Ward County, Appellant's former chemical dependency counselor, and the director of the Taylor County Substance Abuse Treatment Facility also testified. Collectively, the witnesses testified as to Appellant's previous convictions, arrests, and probation violations for a litany of offenses, including driving while intoxicated, public intoxication, forgery, evading arrest, burglary, possession of marihuana, false identification, and failure to identify.

After Appellant presented defense witnesses, the State offered two additional rebuttal witnesses: an Ector County community supervision officer that had supervised Appellant in 2015 and 2016 and Rebecca May, Appellant's adoptive

mother. Although May acknowledged that Appellant had a difficult childhood—including being abandoned by both his biological parents and foster parents—May nonetheless testified that Appellant found himself in trouble with school, alcohol, and the law. May further testified that, at one point, Appellant beat the family dog to the point it had to be put down and that Appellant often ran away from home whenever he was told "no." Lastly, May testified that Appellant had appeared to turn his life around by joining the Navy but that Appellant had failed to report for duty after a leave and was dishonorably discharged.[1] After hearing the evidence, the trial court assessed Appellant's punishment at confinement for seventeen years and a fine of $2,500.

Following the trial court's judgment, Appellant learned for the first time that May apparently had a criminal record with previous theft convictions. Appellant filed a motion for a new trial, arguing that the State's failure to disclose May's criminal history violated Appellant's constitutional right to due process. The motion was overruled by operation of law. This appeal followed.

*Analysis*

In one issue, Appellant argues that the trial court erred in refusing to grant Appellant's motion for a new trial. Appellant argues that he is entitled to a new trial under Article 40.001 of the Texas Code of Criminal Procedure and contends that the State's failure to disclose May's criminal history violated Appellant's right to due process as the evidence could have been used by Appellant to impeach May's testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 40.001 (West 2018). Appellant argues that the evidence was material, since May's testimony was influential in the trial court choosing to sentence Appellant to confinement for seventeen years—a

---

[1]Appellant disputed that he was dishonorably discharged; Appellant proffered that he had received a general discharge.

sentence in the upper range of possible punishment for Appellant's crime. Conversely, although the State acknowledges that its failure to disclose May's criminal history to Appellant constituted a failure to disclose favorable impeachment evidence, the State argues that the evidence was not material. Instead, the State argues that, given the "sheer wealth of evidence presented at the punishment trial" by witnesses other than May regarding Appellant's "long career of disregarding the rules of society," even had the impeachment evidence been timely disclosed to Appellant, the outcome at trial would not have been different. We agree.

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Keeter v. State*, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002). We view the evidence in the light most favorable to the trial court's ruling and will not overturn a trial court's decision to deny a motion for new trial unless the decision falls outside the zone of reasonable disagreement. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007) (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)).

Article 40.001 of the Texas Code of Criminal Procedure states that a "new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." CRIM. PROC. art. 40.001. To obtain relief under Article 40.001, the defendant must satisfy the following four-prong test:

(1) the newly discovered evidence was unknown or unavailable to the defendant at the time of trial;

(2) the defendant's failure to discover or obtain the new evidence was not due to the defendant's lack of due diligence;

(3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and

(4) the new evidence is probably true and will probably bring about a different result in a new trial.

4

*State v. Arizmendi*, 519 S.W.3d 143, 149 (Tex. Crim. App. 2017). Thus, impeachment-only evidence will not require a new trial under Article 40.001.

In *Brady v. Maryland*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also Ex parte Lalonde*, 570 S.W.3d 716, 724 (Tex. Crim. App. 2019). Thus, *Brady* is violated when three requirements are satisfied: (1) the State suppressed evidence; (2) the suppressed evidence is favorable to the defendant; and (3) the suppressed evidence is material. *Lalonde*, 570 S.W.3d at 724. "Incorporated into the third prong, materiality, is a requirement that [the] defendant must be prejudiced by the state's failure to disclose the favorable evidence." *Id.* (alteration in original) (quoting *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006)).

"Favorable evidence is any evidence that, if disclosed and used effectively, may make a difference between conviction and acquittal and includes both exculpatory and impeachment evidence." *Harm*, 183 S.W.3d at 408. Impeachment evidence is "that which disputes or contradicts other evidence," including evidence that can be used to impeach the State's witnesses. *Id.*; *see Lalonde*, 570 S.W.3d at 724–25 (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682 (1985); *see also Lalonde*, 570 S.W.3d at 724. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682; *see also Lalonde*, 570 S.W.3d at 724.

"Materiality is determined by examining the alleged error in the context of the entire record and overall strength of the state's case." *Harm*, 183 S.W.3d at 409.

"Under *Brady*, the defendant bears the burden of showing that, in light of all the evidence, it is reasonably probable that the outcome of the trial would have been different had the prosecutor made a timely disclosure." *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002). The mere possibility that the undisclosed information might have helped the defense or affected the trial's outcome does not establish materiality. *Lalonde*, 570 S.W.3d at 725.

Here, we do not believe that Appellant has shown that the evidence is material under *Brady*. *See Harm*, 183 S.W.3d at 409. Although May's testimony may have shone a negative light on Appellant's character and history, she was not alone in doing so. Instead, the State presented testimony from eleven other witnesses who testified as to Appellant's long criminal history. As such, although Appellant's sentence of seventeen years is in the upper portion of the possible range of punishment for a second-degree felony (two to twenty years' imprisonment), even had May's testimony been impeached, or even excluded, we do not believe it is reasonably probable that the trial court would have reached a different determination regarding Appellant's sentence. *See Saldivar v. State*, 980 S.W.2d 475, 485–87 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (holding that trial court did not err in overruling motion for new trial because witness's previously undisclosed theft conviction was not material to the outcome of the defendant's trial); *see also* PENAL § 12.33(a); *Lalonde*, 570 S.W.3d at 724–26. We additionally note that the trial court sentenced Appellant at trial. Accordingly, the trial court was better able to determine whether impeachment evidence against May would have resulted in a different outcome.

For the above reasons, we hold that the trial court did not abuse its discretion in refusing to grant Appellant a new trial. *See Keeter*, 74 S.W.3d at 37. We overrule Appellant's sole issue.

## *Conclusion*

We affirm the judgment of the trial court.

KEITH STRETCHER

JUSTICE

August 30, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.