**Reformed and Affirmed and Opinion Filed June 17, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00117-CR
### No. 05-19-00118-CR
### No. 05-19-00119-CR

## ROBERTO DELPILAR JASSO, Appellant
## V.
## THE STATE OF TEXAS, Appellee

## On Appeal from the 291st Judicial District Court
## Dallas County, Texas
## Trial Court Cause Nos. F18-34267-U, F18-34272-U, F18-34273-U

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Nowell
Opinion by Justice Nowell

This appeal is before the Court on remand from the Texas Court of Criminal

Appeals. *See Jasso v. State*, No. PD-0601-20, 2022 WL 698058 (Tex. Crim. App.

Mar. 9, 2022). Roberto Delpilar Jasso was convicted of three counts of aggravated

robbery and sentenced to 99 years' confinement.[1] In his first appeal to this Court,

appellant argued the trial court erred by denying his motions for leave to file

amended motions for new trial and by denying his amended motions for new trial

---

[1] We do not recite the facts underlying appellant's convictions because those facts are not necessary to resolve this appeal. *See* TEX. R. APP. P. 47.1.

without conducting a hearing. Relying on this Court's precedent in *Rubio v. State*, 596 S.W.3d 410 (Tex. App.—Dallas 2020), *rev'd and remanded*, 638 S.W.3d 693 (Tex. Crim. App. 2022), we concluded that once the trial court denied appellant's initial motions for new trial, he could not file amended motions. *See Jasso v. State*, No. 05-19-00117-CR, 2020 WL 3055902, at *1 (Tex. App.—Dallas June 9, 2020), *pet. granted, judgm't vacated*, No. PD-0601-20, 2022 WL 698058 (Tex. Crim. App. Mar. 9, 2022). The Texas Court of Criminal Appeals subsequently reversed the Court's opinion in *Rubio*, *see Rubio v. State*, 638 S.W.3d 693 (Tex. Crim. App. 2022), and, in light of its *Rubio* opinion, reversed and remanded this case to us, *see Jasso*, 2022 WL 698058. After considering appellant's arguments, we conclude the trial court did not err by denying appellant's amended motions for new trial without conducting a hearing.

Appellant and the State also request that we modify each judgment. We agree the judgments must be modified. We modify each of the trial court's judgments, and we affirm the judgments as modified.

### A.     Amended Motions for New Trial

The trial court signed each of the three judgments for aggravated robbery on January 17, 2019. On the same day, appellant filed his motions for new trial, and the court denied the motions. On February 15, 2019, appellant filed a motion for leave to file an amended motion for new trial in each cause number along with the amended motions for new trial.  Five days later, the trial court denied the motions

for leave to file amended motions for new trial and denied the amended motions for new trial without conducting a hearing.

In his first and second issues, appellant argues the trial court erred by denying his motions for leave to file amended motions for new trial and by denying his amended motions for new trial without holding a hearing. The record in this case contains seemingly conflicting orders. The trial court denied appellant's motions for leave to file amended motions for new trial but also denied appellant's amended motions for new trial. The trial court's orders denying appellant's amended motions for new trial are some evidence the trial court considered the amended motions for new trial despite the order denying appellant leave to file his amended motions. *See id.* at 704. Accordingly, for purposes of this appeal, we will assume the trial court considered appellant's amended motions for new trial, and we will determine whether the trial court erred by not conducting a hearing.

The purposes of a hearing on a motion for new trial are (1) to determine whether the case should be retried or (2) to complete the record for presenting issues on appeal. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009). A party does not have an absolute right to a hearing. *Id.* We review the trial court's denial of a hearing on a motion for new trial for an abuse of discretion. *Id.* at 200. We reverse only when the trial court's decision was "so clearly wrong as to lie outside that zone within which reasonable persons might disagree. And in the absence of such an abuse of discretion this court would not be justified in reversing the judgment."

*Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009) (cleaned up, footnotes omitted).

A new-trial motion must be supported by an affidavit, either of the defendant or someone else, specifically setting out the factual basis for the claim. *Id.* A trial judge abuses his discretion by failing to hold a hearing if the motion and accompanying affidavits (1) raise matters which are not determinable from the record and (2) establish reasonable grounds showing that the defendant could potentially be entitled to relief. *Hobbs*, 298 S.W.3d at 199. The second requirement limits and prevents "fishing expeditions." *Id.* If the affidavit is conclusory, is unsupported by facts, or fails to provide requisite notice of the basis for the relief claimed, no hearing is required. *Id.*

"[T]he trial judge's discretion extends only to deciding whether the[] two requirements are satisfied. If the trial judge finds that the defendant has met the criteria, he has no discretion to withhold a hearing." *Smith*, 286 S.W.3d at 340. The court of criminal appeals has stated "that a defendant need not plead a prima facie case in his motion for new trial, [but] he must at least allege sufficient facts that show reasonable grounds to demonstrate that he could prevail." *Hobbs*, 298 S.W.3d at 199-200.

Appellant's amended motions for new trial are based on newly discovered evidence. "A new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." TEX. CODE CRIM. PROC.

ANN. art. 40.001. To obtain relief under this provision, the defendant must satisfy a four-prong test: (1) the newly discovered evidence was unknown or unavailable to the defendant at the time of trial; (2) the defendant's failure to discover or obtain the new evidence was not due to his lack of due diligence; (3) the new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result in a new trial. *State v. Arizmendi*, 519 S.W.3d 143, 149 (Tex. Crim. App. 2017).

In *Smith v. State*, the Texas Court of Criminal Appeals concluded the trial court did not abuse its discretion by not holding a hearing on the defendant's motion for new trial based on ineffective assistance of counsel because the defendant failed to establish reasonable grounds to demonstrate that he could meet both prongs of the *Strickland* test. 286 S.W.3d at 338 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The *Smith* court stated: "We hold that the movant does not have to plead a *prima facie* case, but he must at least allege facts that show reasonable grounds to believe that he *could* prevail under *both* prongs of the test for ineffective assistance of counsel under *Strickland*." *Id. Smith* clarifies that if an appellant must satisfy two elements to prevail in a motion for new trial, a trial court only abuses its discretion in failing to hold a hearing if the defendant provides facts supporting reasonable grounds for both elements. *See id.*

Appellant's amended motions state that, after trial, appellant's counsel learned that Lisa Garcia, whose sister was one of the victims of appellant's robberies, "knew

–5–

information about the offenses unknown to defendant prior to or during his trial." The amended motions state appellant's counsel obtained a statement from Garcia wherein she stated that, on the day of the robbery, her sister told her that Alphonso Ochoa had robbed her. Garcia then spoke to Ochoa who stated he was not with appellant on the night of the robbery; Ochoa was with another person. An affidavit from Garcia is attached to the amended motions, and her affidavit states that on the day of the incident, "my sister told me she was robbed. The person she said that robbed her was Alfonso. So I talk[ed] to Alfonso and ask[ed] who he was with that night and he was with another guy not Robert."[2] No other affidavits were attached to the amended motions. Appellant's amended motions assert that Garcia's evidence is relevant to the credibility of the victim who identified appellant as one of the individuals who committed the robberies, and the outcome of the trial may have been different if the evidence had been presented to the jury.

Appellant contends he was entitled to a hearing on his amended motions for new trial because he provided an affidavit asserting reasonable grounds for relief that were not determinable from the record. The information in Garcia's affidavit was not introduced at trial and is not part of the trial record. Appellant's evidence is indeterminable from the record, and we conclude appellant satisfied the first requirement entitling him to a hearing. *See Hobbs*, 298 S.W.3d at 199.

---

[2] The declaration portion of the affidavit is hand written. Garcia crossed-out some words she wrote and initialed those changes. Our quotation does not include the stricken words.

However, appellant did not present reasonable grounds to demonstrate that he could satisfy the elements required to obtain a new trial and, thus, did not establish he could potentially be entitled to relief. *See id*. Appellant's amended motions assert the new evidence set forth in Garcia's affidavit would have been used to impeach Garcia's sister, a witness who placed appellant at the scene of the events. Appellant fails to show that Garcia's evidence would have been admissible or that it would have been used for a purpose other than impeachment. *See Arizmendi*, 519 S.W.3d at 149 (motion for new trial must show new evidence is admissible and not merely cumulative, corroborative, collateral, or impeaching). Additionally, there is nothing in appellant's amended motions that could lead the court to conclude the new evidence would "probably bring about a different result in a new trial." *Id.* (motion for new trial must show new evidence is probably true and will probably bring about a different result in a new trial). Accordingly, appellant failed to establish reasonable grounds showing he could potentially be entitled to relief. *See id.*

We conclude the trial court did not abuse its discretion by concluding appellant did not satisfy the requirements for obtaining a hearing on his amended motions for new trial. We overrule appellant's second issue.

### B.  Modifications to Judgments

In his third and fourth issues, appellant requests we modify the judgments to reflect his plea to the enhancement paragraph in each case and to correct the

prosecutors' names. In a single cross-issue, the State asks that we modify the judgments to reflect only one alleged enhancement paragraph in each case.

An appellate court may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.— Dallas 1991, writ ref'd). If a clerical error in the trial court's judgment is brought to our attention, we have a "mandatory duty" to correct it. *Id*.

Each indictment contains one identical enhancement paragraph. Appellant pleaded "not true" to the allegation. However, the judgments show appellant pleaded "true" to two enhancement paragraphs. Accordingly, we modify the judgments to show appellant pleaded "not true" to the only enhancement paragraph alleged in each indictment. We sustain appellant's third issue and the State's cross-issue.

The judgments reflect the State was represented at trial by Roshanda Walker. However, the record shows the prosecutors were Sarah Stefaniak and Clayton Cowins. We modify the judgments to show Sarah Stefaniak and Clayton Cowins represented the State at trial. We sustain appellant's fourth issue.

### C. Conclusion

We modify each of the trial court's judgments as described above, and we affirm the judgments as modified.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

190117f.u05
190118f.u05
190119f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERTO DELPILAR JASSO, Appellant

No. 05-19-00117-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1834267-U. Opinion delivered by Justice Nowell. Justices Schenck and Molberg participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** the name "Roshanda Walker" as the "Attorney for State." We **ADD** the names "Sarah Stefaniak and Clayton Cowins" as the "Attorney for State."

We **DELETE** the word "True" as the "Plea to the 1st Enhancement Paragraph." We **ADD** the words "Not True" as the "Plea to the 1st Enhancement Paragraph."

We **DELETE** the word "True" as the "Plea to the 2nd Enhancement/Habitual Paragraph" and as the "Findings on 2nd Enhancement/Habitual Paragraph." We **ADD** the term "N/A" as the "Plea to the 2nd Enhancement/Habitual Paragraph" and as the "Findings on 2nd Enhancement/Habitual Paragraph."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 17th day of June, 2022.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ROBERTO DELPILAR JASSO,
Appellant

No. 05-19-00118-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1834272-U. Opinion delivered by Justice Nowell. Justices Schenck and Molberg participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** the name "Roshanda Walker" as the "Attorney for State." We **ADD** the names "Sarah Stefaniak and Clayton Cowins" as the "Attorney for State."

We **DELETE** the word "True" as the "Plea to the 1st Enhancement Paragraph." We **ADD** the words "Not True" as the "Plea to the 1st Enhancement Paragraph."

We **DELETE** the word "True" as the "Plea to the 2nd Enhancement/Habitual Paragraph" and as the "Findings on 2nd Enhancement/Habitual Paragraph." We **ADD** the term "N/A" as the "Plea to the 2nd Enhancement/Habitual Paragraph" and as the "Findings on 2nd Enhancement/Habitual Paragraph."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 17th day of June 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERTO DELPILAR JASSO, Appellant

No. 05-19-00119-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1834273-U. Opinion delivered by Justice Nowell. Justices Schenck and Molberg participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** the name "Roshanda Walker" as the "Attorney for State." We **ADD** the names "Sarah Stefaniak and Clayton Cowins" as the "Attorney for State."

We **DELETE** the word "True" as the "Plea to the 1st Enhancement Paragraph." We **ADD** the words "Not True" as the "Plea to the 1st Enhancement Paragraph."

We **DELETE** the word "True" as the "Plea to the 2nd Enhancement/Habitual Paragraph" and as the "Findings on 2nd Enhancement/Habitual Paragraph." We **ADD** the term "N/A" as the "Plea to the 2nd Enhancement/Habitual Paragraph" and as the "Findings on 2nd Enhancement/Habitual Paragraph."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 17th day of June, 2022.