# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00329-CR

---

**The State of Texas, Appellant**

**v.**

**Kendell William Gant, Appellee**

---

### FROM THE 22ND DISTRICT COURT OF COMAL COUNTY
### NO. CR2020-903, THE HONORABLE GLENN DEVLIN, JUDGE PRESIDING

---

## O P I N I O N

Kendell William Gant was convicted of the offense of tampering with physical evidence and sentenced to four years' confinement. Gant filed a motion for new trial, asserting that the judgment was contrary to the law and evidence and that the verdict was excessive. The trial court held a hearing on the motion, sua sponte raised ineffective assistance of counsel, and granted the motion on that ground. The State challenges the trial court's grant of the new trial. Because the trial court predicated its ruling on an issue not raised in the motion and did so over the State's objection, we vacate the order granting the motion for new trial and remand the cause to the trial court to enter the judgment of conviction in accordance with the jury's verdict.

## BACKGROUND

On December 18, 2018, at approximately 7:13 p.m., Sergeant Blake Alexius of the New Braunfels Police Department observed a vehicle speeding on I-35 in New Braunfels. Alexius

paced the vehicle at 85 miles per hour in a 70-mile-per-hour zone. Alexius initiated a traffic stop. The vehicle pulled over on the right-hand shoulder of I-35. As Alexius approached the vehicle, he observed the driver's hand extend out of the driver's side window and then quickly retract. Alexius smelled a strong odor of burnt marijuana emanating from the vehicle. Alexius contacted the driver (Gant) who provided an ID card. Computer and dispatch checks revealed that Gant's driver's license was suspended, that he did not have current insurance, and that he had outstanding traffic warrants from Schertz. A second officer, Zach Kory, arrived on the scene as backup. Alexius asked Kory to check the driver's side of the vehicle and to detain Gant.

Kory asked Gant to step out of the car for "safety" and then put him in handcuffs. A K9 officer, Cody Bianchi, arrived on the scene with his K9 partner, Argo. Alexius informed Bianchi he smelled marijuana coming from the vehicle and suspected Gant had thrown something out of the window.

Bianchi had Argo conduct a free air sniff of the vehicle. Argo alerted to the odor of narcotics. Alexius and Bianchi searched the vehicle. They found a clear plastic baggie containing suspected marijuana residue and two packages of cigarillos. Alexius then searched the ground near the driver's side of the vehicle, using his flashlight. He located a brown cigarillo containing a green leafy substance on the ground next to the driver's side tire. Bianchi, who was wearing gloves, picked up the cigarillo. It had a strong odor of marijuana.

After being read his *Miranda* rights, Gant admitted to smoking marijuana earlier in the evening after leaving his job in San Marcos. He stated he smoked marijuana in rolling papers. No rolling papers were found in the vehicle. Gant denied the cigarillo found outside the vehicle belonged to him.

Gant was arrested and transported to jail. Alexius field-tested the substance in the cigarillo to verify his suspicions.

The Comal County Grand Jury indicted Gant on a single count of tampering with physical evidence in six paragraphs. Those alleged Gant,

- knowing an investigation was pending, either altered or concealed: a marijuana cigarillo, the crime scene, or the location of the marijuana cigarillo; or

- knowing an offense had been committed, either altered, or concealed: a marijuana cigarillo, the crime scene, or the location of the marijuana cigarillo;

and that he did so "with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding." *See* Tex. Penal Code § 37.09(a)(1), (d)(1).

At the jury trial, Alexius testified about the dash camera video from his patrol unit. The video, when slowed down, showed Gant with his hand out the window and a small, cigarillo-shaped object leaving his hand and falling toward the area where the cigarillo was later found. Alexius testified that if Gant had admitted to discarding the cigarillo, he would have been charged with a misdemeanor marijuana possession and not felony tampering. Kory testified he did not observe the cigarillo on the ground when he initially approached the vehicle. He also testified that the area was dark and that he was focused on the driver. Bianchi, too, testified he did not see anything on the ground near the driver's side of the vehicle when he closed the driver's side door prior to conducting the K9 search. Gant testified in his own defense. He admitted to smoking marijuana in his car that night and admitted to throwing a "Black & Mild cigarette" out of the window when Alexius approached but denied it contained marijuana. Gant acknowledged he had previously been convicted of the state jail felony offense of possession of marijuana, four ounces to five pounds.

3

The jury found Gant guilty and, after hearing punishment evidence, including that Gant had initially failed to appear for this case, sentenced him to four years' imprisonment. *See Id.* §§ 12.34, 37.09(c).

Gant, through appointed appellate counsel, filed a motion for new trial. The motion alleged two grounds for a new trial: (1) the verdict was contrary to the law and evidence, and (2) the verdict was excessive. At the hearing the State announced it was ready to argue those two grounds. Appellate counsel, instead of making arguments under the pleaded grounds, expressed confusion at the trial court's holding of the hearing, stating "we filed, basically, the generic motion so as to change the appellate time tables." The trial court immediately explained the reason for the hearing:

> I believe -- and I have practiced law -- I'm in my 44th year . . . I believe that we had ineffective assistance of counsel. I think, as a result of that, justice has not prevailed for Mr. Gant. . . . And I realized that you filed a generic motion for new trial alleging the two things that the State is aware of. And I didn't anticipate that anybody would have filed a "I was an ineffective assistance."

The State argued "the case law with respect to motions for new trial is very clear that unless it is articulated in the motion," and "particularly with respect to ineffective assistance of counsel and a supporting affidavit attached to the motion, the trial court cannot grant a motion for new trial on a basis not alleged in the motion." Appellate counsel argued the referenced case law focuses on what a defendant must do to entitle himself to a hearing on the motion, and that question was moot. Appellate counsel also argued,

> As to the granting of it, it would seem to me that -- Your Honor was here for the court proceedings. It would also seem to me that if you have specific, articulable facts in your mind based on your personal observations, and those appear in the record, based on what you might say today, that the granting of a new trial would be entirely appropriate under the case law.

4

The trial court stated it was not ruling on Gant's guilt or innocence but had opinions based on his observations of the trial, noted it did not "have to articulate why," and granted the motion. The State appeals. *See* Tex. Code Crim. Proc. art. 44.01(a)(3). The State filed a Request For Specified Additional Or Amended Findings Of Fact And Conclusions Of Law, Objections, & Motion To Rescind Order, which the trial court overruled. The State then filed this appeal. Because this case turns on the authority of the trial court to grant the motion for new trial, we do not reach the merits of the ineffective assistance of counsel claim. *See* Tex. R. App. P. 47.1.

### APPLICABLE LAW AND STANDARD OF REVIEW

Rule 21 of the Texas Rules of Appellate Procedure governs motions for new trial in criminal cases. The defendant must file a motion "no later than thirty days after the date when the trial court imposes or suspends sentence in open court." *Id*. R. 21.4(a). "Such a motion is a prerequisite for the trial court to grant a new trial; the court may not do so on its own motion." *State v. Zalman*, 400 S.W.3d 590, 593 (Tex. Crim. App. 2013). "The legal grounds for which a trial court must grant a new trial are listed in Rule 21.3, but that list is illustrative, not exclusive." *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). A defendant must specifically identify the bases of his claims in a motion for new trial to give the "[trial] court enough notice to prepare for the hearing and make informed rulings and to allow the State enough information to prepare a rebutting argument." *Zalman*, 400 S.W.3d at 593-94; *see also Sledge v. State*, 666 S.W.3d 592, 600 (Tex. Crim. App. 2023) (noting "specificity also operates to the benefit of the parties before a reviewing court").

"The standard of review when a trial court grants a motion for a new trial is abuse of discretion." *State v. Thomas*, 428 S.W.3d 99, 103–04 (Tex. Crim. App. 2014). "The test for

5

abuse of discretion is not whether, in the opinion of the appellate court, the facts present an appropriate case for the trial court's action, but rather, 'whether the trial court acted without reference to any guiding rules or principles.'" *Id*. at 104. "Appellate courts view the evidence in the light most favorable to the trial court's ruling, defer to the court's credibility determinations, and presume that all reasonable fact findings in support of the ruling have been made." *Id*. Generally, "a trial court's ruling will be upheld if it is correct on any applicable legal theory, even if the court articulated an invalid basis." *Herndon*, 215 S.W.3d at 905 n.4. "This is the 'right ruling, wrong reason' doctrine." *Id*.

A trial court would not generally abuse its discretion in granting a motion for new trial if the defendant: "(1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure." *Id*. at 909.

## ANALYSIS

On appeal, the State challenges the trial court's authority to grant the motion for new trial on a ground not raised in the motion. Gant argues the trial record provided an adequate basis for the trial court's decision because it shows counsel failed to object to hearsay from the three police officers, or move for a mistrial or directed verdict, and that the experienced trial judge could recognize those failures as ineffective assistance.

We hold that the trial court abused its discretion. In sua sponte raising the claim, it acted without reference to the guiding rules or principles. As discussed below, those guiding rules

6

and principles prevent a trial court from sua sponte granting a new trial, or from granting a new trial on a ground not raised in the defendant's motion if that new issue is not consensually litigated.

**A trial court does not have the discretion to sua sponte grant a new trial.** *Zaragosa v. State*, 588 S.W.2d 322 (Tex. Crim. App. 1979). In *Zaragosa*, the defendant filed a generic motion for new trial but then, at the beginning of the motion hearing, withdrew it. *Id*. at 323. The trial court brought up an evidentiary problem with the proof of the enhancements and granted the motion for new trial. *Id*. The Court of Criminal Appeals looked at the new trial statutes and held "that a motion for new trial in a criminal case may be granted only on the timely made motion of a defendant and the trial court has no authority to grant a new trial on its own motion." *Id*. at 326–27. That rule remains the law of the land. *Zalman*, 400 S.W.3d at 593.

**A trial court has the discretion, but not the obligation, to address new issues at a motion for new trial hearing, so long as the State does not object.** *Clarke v. State*, 270 S.W.3d 573, 574, 580–81 (Tex. Crim. App. 2008). In *Clarke*, the defendant filed a motion for new trial asserting inaccuracies in the presentence investigation report. *Id*. at 576. At the motion hearing, Clarke raised a prosecutorial misconduct claim. *Id*. The State did not object that Clarke had enlarged or changed the legal basis of the motion. Instead, it stood mute. *Id*. The Court of Criminal Appeals held that the trial court had the authority, but not the obligation, to consider the prosecutorial misconduct claim given the State's failure to object. *Id*. at 580-81.

**A trial court does not have the discretion to address new issues at a motion for new trial hearing over the State's objection.** *Zalman*, 400 S.W.3d 590. In *Zalman*, the defendant filed a motion for new trial "in the interest of justice, because the verdict was contrary to the law and evidence." *Id*. at 592. The day before the motion hearing (and after the time for filing an

7

amendment had passed) the defendant filed a memorandum of law raising evidentiary issues. *Id*. At the motion hearing, the State objected to the trial court's consideration of the evidentiary issues. *Id*. The trial court overruled the objection and granted the motion for new trial based on the evidentiary issues. *Id*. The Court of Criminal Appeals agreed with the State that the ground in the original motion (the verdict was contrary to the law and the evidence) did not encompass the evidentiary grounds and held that the trial court abused its discretion in granting the motion over the State's objection. *Id*. at 594-95. The Court reiterated language from an earlier case:

> [a]n essential element of [a motion for new trial] is that the matter of error relied upon for a new trial must be specifically set forth therein. The wisdom of that rule lies in the fact that reasonable notice should be given not only to the trial court but the State, as well, as to the misconduct relied upon and to prevent a purely fishing expedition on the part of the accused.

*Id*. at 594 (quoting *State v. Gonzalez*, 855 S.W.2d 692, 694 (Tex. Crim. App. 1993)). The Court noted the defendant had stated a valid legal claim in the motion—legal sufficiency. *Id*. But the defendant did not "at any point, advance a claim that the evidence that was admitted was insufficient to sustain a guilty verdict." *Id*. Instead, the defendant "pointed to portions of the record that he claimed showed that evidence was improperly admitted." *Id*. The Court held that, under *Herndon*, the evidence presented at the motion hearing must support the same claim pled because "to hold otherwise would defeat the notice requirements of the motion." *Id*. at 594-95.

In another case, *State v. Arizmendi*, 519 S.W.3d 143 (Tex. Crim. App. 2017), the Court relied on *Zalman*. In *Arizmendi*, the defendant filed a motion for new trial asserting the verdict was "contrary to the law and the evidence." *Id*. at 146. The defendant then raised an ineffective assistance issue at the hearing itself. *Id*. Counsel explained her failure to file a motion to suppress or explain the motion as an option to her client was ineffective. *Id*. The State objected.

8

The trial court granted the new trial in the interests of justice. *Id*. at 147. The Court held that, given the objection, the trial court was barred from considering the ineffective assistance claim. *Id*. at 150-51.

**A trial court does not have the discretion to grant a motion for new trial if that motion is litigated in a manner that circumvents the State's ability to defend its verdict**. *Thomas*, 428 S.W.3d at 107. In *Thomas*, the defendant filed a motion for new trial and asked the trial court to grant it "in the interest of justice" because there was compelling evidence that was not presented at trial. *Id*. at 102. The defendant included an affidavit from an eyewitness claiming she saw a third party, rather than the defendant, shoot the victim. *Id*. At the hearing on the motion, appellate counsel stated the defendant was not pursuing an ineffective-assistance claim, and when the State tried to ask trial counsel about his strategy in not calling the witness, appellate counsel objected and asserted the attorney-client privilege. *Id*. The trial court granted the motion for new trial stating, inter alia, these two reasons:

> First, I do believe that testimony of [the third party] could have made a difference in the outcome of the trial during guilt/innocence phase and if not during the guilt/innocence phase, certainly during the punishment phase. I'm the one that assessed punishment. I was not privy to this information.
>
> Secondly, immediately upon sentencing and leaving the bench, I seriously questioned whether or not and still believe that my punishment in this case was excessive given the facts and circumstances or given the evidence that I heard from the witness stand and the questions that remain.

*Id*.

The Court of Criminal Appeals held the trial court abused its discretion in granting the new trial under the first reason because Thomas had not raised a "valid legal ground." *Id*. at 107 ("The failure of trial counsel to call an exculpatory witness who was available at trial and

9

known to the defense is not, by itself, a valid legal claim."). The Court agreed with the State that "it would be a miscarriage of justice to grant a new trial on the basis of evidence that the defense chose not to introduce, especially when defense counsel immunized himself from testifying about his strategy by explicitly declining to allege ineffective assistance of counsel." *Id.* at 106-07. And the Court held the trial court abused its discretion under the second reason because that decision stemmed from "second thoughts about the sentence" it had imposed, untethered to a valid legal claim. *Id.* at 107.

None of the above cases are directly on point because Gant did file (and did not withdraw) his motion for new trial, because the trial court raised the new issue, and because Gant did not do a conscious end-run around an ineffective assistance of counsel claim. But combined, the cases provide the following guiding rule or principle: A trial court abuses its discretion if it grants a motion for new trial on a new issue (regardless of who raises the issue), at least when the State objects. We therefore hold the trial court abused its discretion by granting the motion for new trial on the new issue of ineffective assistance of counsel because the State objected. We nevertheless will uphold the ruling if it is correct on any applicable theory. *Herndon*, 215 S.W.3d at 905 n.4.

The theories applicable here are insufficiency of the evidence and excessive verdict. Gant articulated these two valid legal claims in his motion for new trial but failed to produce evidence or point to evidence in the trial record substantiating them. Instead, counsel candidly informed the trial court the grounds were pled, and the motion filed, to extend appellate deadlines. *See* Tex. R. App. P. 26.2(a)(2). For this reason alone, the trial court might have abused its discretion in granting a new trial on either theory. *See Zalman*, 400 S.W.3d at 595-96.

Regardless, neither claim is supported by the trial record.

10

**Sufficiency**

When deciding a motion for new trial challenging the legal sufficiency of the evidence, the trial court applies the appellate legal sufficiency standard of review. *State v. Provost*, 205 S.W.3d 561, 567 (Tex. App.—Houston [14th Dist.] 2006, no pet.). We review a challenge to the sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). Under that standard, we examine all the evidence in the light most favorable to the verdict and resolve all reasonable inferences from the evidence in the verdict's favor to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Nowlin v. State*, 473 S.W.3d 312, 317 (Tex. Crim. App. 2015). "[N]o evidence is ignored because the standard requires a reviewing court to view all of the evidence in the light most favorable to the verdict." *Cary v. State*, 507 S.W.3d 750, 759 n.8 (Tex. Crim. App. 2016) (internal quotation marks and emphasis omitted). "An appellate court cannot act as a thirteenth juror and make its own assessment of the evidence." *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). Rather, "[a] court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally." *Id.* This rationality requirement is a key and explicit component of the *Jackson* sufficiency standard. *See* 443 U.S. at 319.

Under the tampering-with-physical-evidence statute, and the charges leveled against Gant, the jury could have convicted Gant of the Section 37.09(a)(1) offense: "(a) A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he: (1) alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]" Tex. Penal Code § 37.09(a)(1).

11

Sergeant Alexius testified he pulled over Gant for speeding. Gant complied. That is evidence from which the jury could rationally find Gant knew an investigation or official proceeding was in progress, even though Gant testified he did not know a traffic stop was an investigation or official proceeding. *See Williams v. State*, 270 S.W.3d 140, 144 (Tex. Crim. App. 2008); *Lemarr v. State*, 487 S.W.3d 324, 328 (Tex. App.—Amarillo 2016, no pet.).

Alexius testified that, as he approached, he saw Gant's arm go out the window. Alexius testified he could not see what was dropped, but later, while using a flashlight, he could see it by the front driver's side wheel; it was a brown cigarillo with a wooden tip that had green leafy stuff in the brown wrapping and had a "skunky, weed-type smell," and Alexius verified his suspicions that substance was marijuana with a roadside test. Gant admitted to the jury he threw a cigarillo out of his window but said it did not contain marijuana. The jury saw the dash-cam video corroborating the throwing testimony. It also had Kory and Bianchi's testimony about the K9 sniff and the recovery of the cigarillo before it. Bianchi told the jury the "blunt" was dry and it was burnt at the end. This is evidence from which the jury could rationally find Gant concealed the cigarillo, with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding.

The Court of Criminal Appeals has outlined what it means to tamper with evidence. In *Stahmann v. State*, 602 S.W.3d 573 (Tex. Crim. App. 2020), the Court held that evidence that the defendant threw a pill bottle over a fence was not sufficient to support a tampering conviction where witnesses never lost sight of the pill bottle, witnesses directed an officer to the bottle, the officer could see it "very clearly," and the officer easily retrieved it. *Id.* at 580-81.

In so doing, the Court explained that to conceal a physical thing is to hide it, remove it from sight or notice, or keep from discovery or observation. *Id.* at 581. It held that a rational

12

jury could have reasonably inferred that Stahmann intended to conceal the pill bottle when he threw it over the wire fence, but it could not find actual concealment because the evidence showed that "the bottle landed short of the bush in plain view on top of some grass." *Id*. Since *Stahmann*, the Court has emphasized that its holding was a narrow one.

In *McPherson v. State*, 677 S.W.3d 663 (Tex. Crim. App. 2023), a case more closely mirroring this one, the Court further explained concealment and noted that the holding in *Stahmann* was fact specific, dependent on "witnesses, continuous sight of the evidence, and immediate discovery of it." *Id*. at 666. The lack of only one such detail could have meant a different outcome. *Id*. The Court went on to hold that evidence that a defendant threw marijuana cigarillos out of his moving vehicle was sufficient to support tampering by concealment conviction even though the officer knew where the "brown objects" landed and, after backtracking, retrieved them from plain view on the side of the highway. *Id*. at 664-65. Unlike in *Stahmann*, the evidence was not in "continuous sight" and was not immediately discovered. *Id*. at 666-67. And in *Ransier v. State*, 670 S.W.3d 646 (Tex. Crim. App. 2023), the Court held that the defendant was not entitled to lesser-included offense instruction on attempted tampering where the officer testified that the defendant momentarily concealed a syringe from him in his hand. *Id*. at 651. Because there was no evidence "negating full concealment," there was no evidence that the defendant was only guilty of attempted tampering. *Id*. at 650.

The through line on these cases is that to prove tampering by concealment, the thing concealed must in fact be hidden, removed from sight or notice, or kept from discovery or observation even if it is concealed for a short amount of time. And, as described above, the State offered evidence from which the jury could conclude that because of Gant's action, the marijuana cigarillo was hidden, removed from sight, and kept from discovery for at least a short amount of

13

time. It was neither in continuous sight nor immediately discovered. *See McPherson*, 677 S.W.3d at 666-67.

Although Gant's version of events (he consumed a marijuana joint before he was pulled over and threw down a cigarillo containing no marijuana when he was pulled over) conflicted with Alexius's version, the jury, as the sole trier of fact, was entitled to selectively believe all or part of the conflicting testimony introduced by either side at trial. *See Bignall v. State*, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). Viewing the evidence in the light most favorable to the jury's verdict and bearing in mind the reasonable inferences the jury was free to make from that evidence, we conclude the evidence is legally sufficient to support the jury's determination that Gant committed the offense of tampering with evidence. *See McPherson*, 677 S.W.3d at 664; *Ransier*, 670 S.W.3d at 648. Therefore, it would have been an abuse of discretion for the trial court to grant a motion for new trial on the ground of legally insufficient evidence. *See Provost*, 205 S.W.3d at 569.

**Excessive Verdict**

Tampering with Physical Evidence is a third-degree felony, punishable by a term of confinement for not more than ten nor less than two years and a possible fine not to exceed $10,000. Tex. Penal Code §§ 12.34, 37.09(a)(1), (d)(1). The jury assessed punishment at four years' imprisonment and assessed a $2,000 fine—a sentence in the lower half of the punishment range. Historically, punishment assessed within the statutory limits has not been considered excessive, cruel, or unusual. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). Nevertheless, an individual's sentence may constitute cruel and unusual punishment, despite falling within the statutory range, if it is grossly disproportionate to the offense. *Id*. "To determine

14

whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Id.*; *see Graham v. Florida*, 560 U.S. 48, 60 (2010).

"Obstruction-of-justice offenses, such as tampering with evidence or government documents, address the harm that comes from the actor's disobedience of the law—damage to the authority of the government; a lessening of the public's confidence in our institutions; public cynicism, fear, and uncertainty; and a social climate that is likely to lead to even greater disobedience." *Wilson v. State*, 311 S.W.3d 452, 460 (Tex. Crim. App. 2010) (internal quotation marks omitted). And while possession of a single marijuana filled cigarillo is a small fry offense (a Class B misdemeanor, *see* Tex. Health & Safety Code § 481.121), it is the Texas Legislature's prerogative to classify tampering with the same as a big fish offense (a third-degree felony, *see* Tex. Penal Code § 37.09(a)(1), (c), (d)(1)); *see also Rummel v. Estelle*, 445 U.S. 263, 284 (1980) (noting line dividing felony theft from petty larceny varies markedly from one State to another and that "Texas is entitled to make its own judgment as to where such lines lie, subject only to those strictures of the Eighth Amendment that can be informed by objective factors"). And though the tampering was non-violent, "the presence or absence of violence does not always affect the strength of society's interest in . . . punishing a particular criminal." *Rummel*, 445 U.S. at 275. Finally, Gant acknowledged that, at the time he was pulled over, he had outstanding traffic warrants, no valid driver's license, and a prior state jail felony possession of marijuana adjudication. Under the law and the facts, the sentence was not excessive or grossly disproportionate. *Simpson*, 488 S.W.3d at 323. Therefore, it would have been an abuse of discretion for the trial court to grant a motion for new trial on the ground that the "verdict is excessive in view of the evidence."

15

*See id*. at 324; *Herndon*, 215 S.W.3d at 907 (trial judge does not have authority to grant new trial "on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or 'received a raw deal'").

## CONCLUSION

The trial court had no discretion to grant Gant's motion for new trial based on a ground not raised in the motion. And, applying a deferential standard of review, we conclude the granting of a new trial based on the grounds raised in the motion for new trial would have been an abuse of discretion. We vacate the order granting the motion for new trial and remand the cause to the trial court to enter the judgment of conviction in accordance with the jury's verdict.

_____
Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Vacated and Remanded

Filed:   February 6, 2025

Publish

16